MILLISON v. HOLMES and Others.

Expressions of prejudice and the use of harsh and violent terms derogatory to a party's character for honesty, by a judge, are not sufficient cause for a change of venue to another circuit.

A party cannot repeat an application for a change of venue without some very special cause.

Trespass *quare clausum fregit.* Plea, that the close was the close and soil of the defendant, wherefore he committed, &c. *Held,* that this was not a plea of *liberum tenementum,* and under it, the defendant was only required to prove his right of possession at the time of the commission of the alleged trespass.

APPEAL from the *Pulaski* Circuit Court.

BLACKFORD, J.—Trespass *quare clausum fregit* against one *Job Holmes* and others, commenced in 1845.

At the term to which the process was returned, the plaintiff filed a petition for a change of venue to another circuit, which petition was overruled. On the next day after this petition was overruled, a second petition for such change of venue was filed by the plaintiff, which was also overruled.

The declaration charges that the defendants on, &c., broke and entered the plaintiff's close, to-wit, the south half of the north west quarter of section five, in township thirty north, range one west, and removed therefrom a certain log cabin of the plaintiff's.

Plea, that the close was the close and soil of said *Job Holmes,* wherefore he and the other defendants, by his command, committed said trespass.—Verification.

Replication, that the close was not the close and soil of the defendant, *Job Holmes,* in manner and form as alleged. Conclusion to the country. Issue thereon.

Judgment and verdict for the defendants.

The first question is, Was the petition for a change of venue rightly refused?

The application being for a change of venue to another circuit, it was necessary for the applicant to show some valid objection to the presiding judge. R. S. 1843, p. 950, s. 9. The first petition says that the judge entertained towards the plaintiff a violent prejudice, incapacitating

him to do the plaintiff justice; and that the judge had repeatedly, as the plaintiff had been informed and believed, spoken of the plaintiff in harsh and violent terms, derogatory to the plaintiff's character for fairness and honesty.

This petition does not allege either of the causes expressly mentioned in the statute as authorizing a change of venue to another circuit. The grounds specified in the statute for such change of venue are, that the circuit judge had been of counsel in the cause, or that he was related in a certain degree to one of the parties. If there is any other cause for such change, which may be said to be within the spirit of the statute, this petition does not sufficiently show it.    R. S. 1843, p. 949.

The second petition was inadmissible. A party cannot repeat an application for a change of venue without some very special cause. No such cause is shown in this case.

We are next to inquire whether the verdict is supported by the evidence. The record contains all the evidence, the substance of which we consider to be as follows: On the 4th or 5th of *April*, 1844, *Job Holmes*, one of the defendants, having just finished the log cabin mentioned in the declaration, moved into it. He may be said to have effected, at that time, a settlement on the half quarter section of land on which the cabin stood and which is the *locus in quo*. That land then belonged to the United States.

The settlement was made by *Holmes* under the act of congress of *September* the 4th, 1841, granting pre-emption rights; his object being to secure to himself such a right. He filed a written statement on the subject conformably to the act of congress, with the receiver of the land office, on the 2d of *May*, 1844.

The plaintiff (at what time does not appear) paid for said half quarter section of land to the receiver of the land office and obtained from him a receipt, stating that the payment had been made, and that the land would be patented to the plaintiff, unless it should be claimed by a valid pre-emption right.

On the 19th and 20th of *March*, 1845, the said *Holmes* with the other defendants, by his request, moved the cabin off the said land.

These are the material facts of the case.

By the act of congress under which the settlement was made, *Holmes* had a right of pre-emption for twelve months from the 4th or 5th of *April*, 1844, when the settlement was made; and the months must be considered calendar months. R. S., 1843, p. 1032. That period of twelve months during which *Holmes* had a right to occupy the land had not expired when the alleged trespass was committed.

The plaintiff contends that the plea is a plea of *liberum tenementum;* and that the defendants here, therefore, are bound to prove that *Holmes* had an estate of freehold in the premises. But the plaintiff has mistaken the character of the plea. It says that the close and soil were *Holmes's;* but it does not say they were his freehold. If a man has a right of possession to land for any prescribed period, the close and soil during that time may be said to be his.

The plaintiff, in his declaration, alleges the close to be his property, and he will not say that that allegation requires proof of a freehold title. That allegation in a declaration is satisfied as against a wrong doer by proof of actual possession alone. 2 Stark. Ev. 1099.

We need not stop to enquire as to the form of the plea before us, nor as to the precise point in issue. The most, at all events, that the plaintiff could ask was, that the defendants should prove a right of possession in *Holmes* at the time of the trespass. We think that they clearly prove that right by showing that when the act complained of was committed, *Holmes* had an existing right of pre-emption in the premises.

*Per Curiam.*—The judgment is affirmed with costs.

*D. D. Pratt*, for the appellant.

*W. Wright*, for the appellees.