Nov. Term,
1850.

MORRIS
v.
GRAVES.

---

MORRIS *v.* GRAVES.

In an action for breach of promise of marriage, infancy and want of consideration are admissible in evidence under the general issue.

In this case, the issues were made up on the third day of the term, and the plaintiff obtained leave to change her replication to the defendant's plea of infancy. *Held,* that this did not entitle the defendant to a continuance, as it did not appear that the cause had been called for trial.

It will require a plain case of abuse of discretion, in minor questions of practice, to justify a superior Court in reversing the decision of a Court below.

Prejudice in the president judge is not one of the statutory causes for a change of venue.

The record in this case states that the jury, "having received the charge of the Court, and having retired to their room to deliberate, returned into Court with the following verdict," &c. *Held,* that this Court will presume that, if the room to which the jury retired, required them to leave the presence of the Court in going to it, they were accompanied by the proper officer.

Monday,
December 2.

ERROR to the *Union* Circuit Court.

PERKINS, J.—Assumpsit upon a breach of promise of marriage. Recovery by the plaintiff below. There were four counts in the declaration. The first alleged that, theretofore, to-wit, on the 12th of *May,* 1843, in consideration that the plaintiff promised to marry the defendant, he, the defendant, promised to marry the plaintiff on

request; and averred that she, the plaintiff, had always, from thence hitherto, remained, and still did remain, single, and ready and willing to marry the defendant, and that she had requested him to marry her, &c.

The second count was upon a promise, laid under a *videlicet*, as having been made on the 20th of *June*, 1844, to marry in a reasonable time, and averred that such time had elapsed, but the defendant had, nevertheless, failed to marry, though requested, &c.

The third count was upon a promise, laid under a *videlicet*, as having been made on the 2d day of *June*, 1844, to marry on request, and averred that the defendant had married another.

The fourth count was upon a promise, laid under a *videlicet*, as having been made on the 10th day of *July*, 1843, to marry in a reasonable time, and averred that defendant had married another.

There were four pleas to the whole declaration: 1. Non-assumpsit; 2. Infancy; 3. Fraud; 4. Statute of limitations. Issues of fact were found upon all the pleas except the second. To that plea the plaintiff replied that the defendant became of age on the 15th day of *October*, 1843; and that, afterwards, and before the bringing of this suit, to-wit, on the 10th day of *December*, 1843, at, &c., the defendant promised, "in manner and form as the plaintiff had above thereof complained against him," &c.

To this replication the defendant rejoined that the promise therein mentioned was made without consideration, concluding with a verification. Special demurrer to this rejoinder, assigning for causes, a departure from the plea, argumentativeness, and that it should have concluded to the country. The demurrer was sustained. The issues of fact were tried by a jury, and a verdict, followed by a judgment, was given for the plaintiff.

It seems to us unnecessary to inquire into the correctness of the decision below upon the demurrer to the rejoinder. One of the issues upon which this cause was tried was the general issue. That brought in question

the whole merits of the case. Under it, infancy and want of consideration were admissible in evidence. 2 Greenleaf's Ev. p. 112. If, therefore, the plaintiff, in attempting to make out her case, upon the trial, proved a promise of the defendant made while an infant, the defendant could have availed himself of the infancy under the general issue. If she proved a promise made after the defendant became of age, or the ratification, at that time, of a promise made during infancy, which was without consideration, advantage of the fact could also have been taken under the same issue, and no more than these advantages could have been obtained under any decision the Court could have made on the demurrer. If the right, therefore, to those advantages existed, we must presume, under numerous decisions of this Court, that it would have been secured by the defendant on the trial.

The issues in the cause were made up on the third day of the term. On the fifth day the plaintiff asked and obtained leave of the Court to change her replication to the defendant's plea of infancy. The defendant excepted to the granting of such leave, but we think without sufficient ground. The change was made; and thereupon the defendant claimed a continuance of the cause to a subsequent term of the Court, on the ground that said change was a material amendment to the pleadings, but the Court refused to continue the cause.

Section 231, p. 714 of the R. S., enacts that "if either party amend his pleadings, in matter of substance, after issue is joined and the cause is called for trial, but before entering upon the trial thereof, it shall entitle the opposite party to a continuance," &c.; and section 232, on the same page, declares that "no other amendments, except such as are specified in the preceding section, shall entitle either party to a continuance to the next term of the Court." In the case before us it does not appear that the cause had been called for trial when the amendment or change in the pleadings was made; and hence it is not shown that the defendant had a right, under the statute,

in any event, to the continuance asked. This fact renders it unnecessary for us to express an opinion upon the materiality of the amendment.

Several objections are made to the rulings of the Court upon applications by the defendant to amend, withdraw, and re-file pleas and rejoinders; in regard to all which, we may say that it does not satisfactorily appear to us that there was any abuse of discretion. It would certainly require a plain case of abuse to justify a superior Court in reversing the decision of a Court below on such points. *Sanders* v. *Johnson*, 6 Blackf. 50. In this case the defendant, at his third amendment, was notified by the Court that but one more would be allowed. That was made, but so as to still leave the pleading defective. The defendant then sought to accomplish the same object as additional amendments might effect, by withdrawing and re-filing pleas, &c., which the Court refused to permit. Circuit Courts must have some latitude of discretion over these questions of practice, or the trial of causes may be forever delayed, and the time of the Courts wasted upon frivolities. In the present case, a disposition merely to delay the trial and baffle the plaintiff may have been apparent to the Circuit Court.

After the cause was called for trial, but before the jury were sworn, the defendant asked for time to prepare an affidavit for a change of venue on account of the prejudice of the president judge. The Court refused to grant the time. Prejudice in the president judge is not one of the statutory causes for a change of venue.

The record in the case states that the jury "having received the charge of the Court, and having retired to their room to deliberate, returned into Court the following verdict," &c. It is insisted upon as a fatal error that the record does not state that a sworn bailiff accompanied the jury in their retirement. If it be true that, by any omission, the jury did improperly leave the court room unaccompanied by a bailiff, it would seem that the proper mode of taking advantage of the fact, was by a

Nov. Term,
1850.

MORRIS
v.
GRAVES.

motion, to the Court that heard the cause, for a new trial. But however that may be, we think, upon the statement in the record, this Court should presume that, if the room to which the jury retired required them to leave the presence of the Court in going to it, they were accompanied by the proper officer. The case of *Jones* v. *The State*, 2 Blackf. 475, and the authorities cited, are referred to. The case in *Blackford* differs from the present in two important particulars. The record in that case did not show that "the jury retired" to any place, or what disposition was made of them, and it was a criminal prosecution in a capital case. The omission, also, to state what was done with the jury, was upon an adjournment of the Court during the progress of the trial. We have looked into the cases cited in *Jones* v. *The State, supra*, and referred to by the counsel in this cause. They all arose in *New York* but one. The *New York* cases decide that, under the statute of that state, the transcript of a justice of the peace, in a case upon *certiorari*, should state, where the case was tried before the justice by a jury, that they retired in charge of a constable. This may be right, as the same presumptions are not indulged as to the correctness of proceedings in magistrates' Courts, as exist in reference to those of Courts of record. The other case cited in *Jones* v. *The State*, is *Rex* v. *Stone*, 6 D. & E. 527. That was an indictment for high treason. During the trial the Court adjourned temporarily, and the record shows that the jury were kept in charge of sworn bailiffs during the adjournment. The case does not decide as to whether a superior Court, where the record is silent, should, or should not, presume the attendance of bailiffs. See *Dias* v. *The State*, 7 Blackf. 20.

Numerous other points are presented by the record. We think them unimportant. This case seems to have been warmly contested, and almost every ruling of the Court was objected to; but after careful examination and consideration, we discover no error that can reverse the judgment below.

We have noticed all the objections which the counsel for the plaintiff in error has relied on in his brief in this Court.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.

*J. S. Reid*, *S. W. Parker*, *C. H. Test*, and *J. S. Newman*, for the plaintiff.

*J. Perry* and *J. Yaryan*, for the defendant.