No. 8636.

LOGAN *v.* LOGAN.

PRACTICE.—*Appeal.*—*Parties.*—*Statute Construed.*—Where a part of several co-parties appeal, the statute (R.S. 1881, sec.635) requires only that co-parties to the judgment appealed from shall join or be notified.

SLANDER.—*Pleading.*—The words spoken of a female, "She is a bitch," when alleged in the complaint to have been spoken at a time and place where they were understood to mean, and did mean, an imputation of whoredom, are actionable under the statute, R. S. 1881, sec. 285.

SAME.—*Married Woman.*—*Statute Construed.*—The act authorizing a married woman to sue in her own name, for injury to her person or character, R. S. 1881, sec. 5,131, operates retrospectively, affecting only the remedy, and she may maintain the suit for slanderous words spoken before the statute took effect.

PRACTICE.—*Instructions to Jury.*—The court need not repeat, in another form, instructions which, of its own motion, it has substantially given.

CHANGE OF VENUE.—An application for change of venue being overruled for a defect in the affidavit therefor, a second application was made, supported by an affidavit which would have been good in the first instance, but which failed to show why the new matters therein alleged were not stated in the first affidavit.

*Held*, that the second application was properly denied.

Logan *v.* Logan.

SLANDER.—*Evidence of Malice.*—The speaking of actionable words, of like import with those charged in the complaint, at other times, may be proved for the purpose of showing malice.

MARRIED WOMAN.—A married woman can not maintain a suit for depriving her of the support and society of her husband. ELLIOTT, C. J., and WOODS, J., dissent.

From the Decatur Circuit Court.

*W. A. Cullen, B. L. Smith, C. Ewing* and *J. K. Ewing,* for appellant.

*J. S. Scobey, J. D. Miller* and *F. E. Gavin,* for appellee.

BICKNELL, C. C.—The appellee brought this suit against John Logan, her father-in-law, and Orange Logan, her husband. The complaint is in three paragraphs. The first and third are substantially alike. They charge that the defendant John Logan persuaded said Orange to abandon the plaintiff, whereby she lost her husband's company, care and support, to her damage $10,000. Each of these paragraphs avers, also, that plaintiff and her husband are not living together, and that he is in sympathy with his father, and refuses to join in the suit as plaintiff, and therefore is made a defendant. The second paragraph contains no such averment as to the husband. It is a count in slander against John Logan only, charging that, during the coverture, he called the plaintiff "a bitch," in the presence of divers worthy citizens, at a time and place when and where the term "bitch," applied to a woman, was understood to mean, and did mean, an imputation of whoredom.

John Logan demurred to each paragraph of the complaint:

1st. For want of sufficient facts, etc. ;

2d. For misjoinder of causes of action ;

3d. For defect of parties plaintiffs ;

4th. For want of capacity in plaintiff to sue.

His demurrers were overruled as to the second paragraph of the complaint, and sustained as to the first and third paragraphs. He then answered the second paragraph of the

complaint by the general denial, and by a verified plea in abatement, averring the coverture of the plaintiff.

The plaintiff demurred to the plea in abatement. The demurrer was sustained. The case was then at issue as to John Logan, upon the second paragraph of the complaint and the general denial thereof.

The defendant Orange Logan appeared and filed a demurrer to each paragraph of the complaint, for want of facts sufficient, etc., and said demurrers were overruled by the court. Orange Logan never answered the complaint. He was not ordered to answer it. He was not defaulted. There was no prayer for judgment against him. He was only a nominal party.

A motion by John Logan for a change of venue was overruled. A second motion by John Logan for a change of venue was overruled. The issue, as to John Logan, was tried by a jury, who, at his request, were directed by the court, in case they should return a general verdict, to answer the following interrogatory, to wit: "What set of words alleged in the complaint is proven? Give the words, if any are proven; and if more than one set, give each set so proven."

The jury returned the following verdict and answer to the interrogatory: "We, the jury, find for the plaintiff, and assess her damages at $1,000. We, the jury, find that the words, 'She is a bitch,' meaning plaintiff; 'She,' meaning plaintiff, 'is a G—d d—d bitch,' were spoken."

The defendant John Logan moved for a new trial; the motion was overruled; judgment was rendered against him upon the verdict, and he appealed.

The appellee Clara B. Logan "moved to dismiss the appeal under Rule 1 of this court, and section 551 of the code, because the defendant below, Orange Logan, is not made a party." "The word 'co-parties,' as used in section 551 of the code, means parties to the judgment appealed from, not co-plaintiffs or co-defendants to the action."

*Hadley* v. *Hill*, 73 Ind. 442. The motion to dismiss the appeal is therefore overruled.

The appellant assigns errors as follows :

1st. The court erred in overruling appellant's demurrer to the second paragraph of the complaint.

2d. The court erred in sustaining appellee's demurrer to the second paragraph of the appellant's answer.

3d. The court erred in overruling appellant's motion for a new trial.

The second of these alleged errors is not discussed in the appellant's brief, and is therefore regarded as waived.

As to the first alleged error, in overruling the demurrer to the second paragraph of the complaint, it may be observed that, in Indiana, every charge of incest, fornication, adultery, or whoredom, falsely made by any person against a female, is actionable. Prac. Act, sec. 788. It has been decided that the word "bitch," in its common acceptation, does not imply whoredom in any of its forms. *Schurick* v. *Kollman*, 50 Ind. 336. But, under the allegations of the second paragraph of the complaint in the case at bar, the words were actionable. *Shigley* v. *Snyder*, 45 Ind. 541 ; *Rodebaugh* v. *Hollingsworth*, 6 Ind. 339.

At common law, and under the code of 1852, a suit for slander might be maintained by husband and wife, where the words were spoken of the wife, but not by the wife alone. Prac. Act, sec. 8. But, under the act of March 25th, 1879, sec. 6, Acts 1879, p. 160, "A married woman may bring and maintain an action in her own name against any person or body corporate for damages for any injury to her person or character, the same as if she were sole ; and the money recovered shall be her separate property, and her husband, in such case, shall not be liable for costs." This act took effect May 31st, 1879. In this case the slanderous words were spoken on the 5th of July, 1878. The question arises, does the statute embrace causes of ac-

tion existing before it took effect? Upon this question it may be said, that the court will not presume that the Legislature intended to take away the husband's right of action, already vested, and give it to his wife, without express words or necessary implication to that effect. The entire scope of the act of March 25th, 1879, looks to the future and not to the past. Every statute derogatory to the rights of property, or that takes away the rights of a citizen, must be strictly construed. *Van Horne* v. *Dorrance*, 2 Dallas, 304, 316. So, also, statutes in derogation of the common law. *Brown* v. *Barry*, 3 Dallas, 365; Dwarris Statutes, 257; Lofft's Rep. 438.

The right of action for slanderous words spoken of the wife during coverture was vested in the husband, because it was his duty to protect the person and character of his wife. *Bogget* v. *Frier*, 11 East, 301; *Chambers* v. *Donaldson*, 9 East, 471. And she, as the meritorious cause of action and by reason of her personal suffering, was required to be joined with him as co-plaintiff. 1 Chitty Pl. 73; Practice Act, sec. 8. Section 19 of the Practice Act provides that "if the consent of any one who should have been joined as plaintiff can not be obtained, he may be made a defendant, the reason thereof being stated in the complaint." This section was complied with as to the causes of action stated in the first and third paragraphs of the complaint, but the second paragraph, now under consideration, contains no such allegations.

This court, however, in *Barnett* v. *Leonard*, 66 Ind. 422, which was an action by a husband and wife against a physician for malpractice in treating the wife for a broken arm, said: "We may properly remark, in this connection, that the appellee's husband is not now a necessary party plaintiff, in this suit; for, in section 6 of "An act concerning married women,' approved March 25th, 1879, it is provided that 'A married woman may bring and maintain an action in

her own name against any person or body corporate for damages for any injury to her person or character, the same as if she were sole ; and the money recovered shall be her separate property, and her husband, in such case, shall not be liable for costs.' Acts 1879, p. 160.''

In accordance with the foregoing intimation, and in view of the fact, that, in the case at bar, the wife is the meritorious cause of action, we think the said 6th section of the act of 1879, *supra*, may be regarded as affecting the remedy only and may be held to embrace causes of action for injuries to the person or character of the wife accruing before the act took effect. There was, therefore, no defect of parties plaintiffs in the second paragraph of the complaint, and no want of capacity in the plaintiff to sue. There was also a sufficient cause of action in said paragraph, and the demurrer thereto was rightly overruled.

As to the third error assigned, to wit, overruling the motion for a new trial, the third and fourth reasons for a new trial are, that the court refused to give to the jury charges Nos. 1 and 2 asked for by the appellant. Both of these were substantially given to the jury by the court in its own charge. There was therefore no error in these refusals.

The fifth reason for a new trial is, that the court refused to change the venue on the application of the appellant. There were two motions to change the venue ; the first was rightly refused, because the affidavit was not in conformity with the act of March 5th, 1877, Acts 1877, p. 103 ; it made no statement as to ''local prejudice,'' and instead of stating that the applicant had a good and meritorious defence, and setting forth the same specifically, it merely stated that the applicant ''had a meritorious defence in this, to wit, that he expected to be able to show that he did not speak the alleged slanderous words concerning the plaintiff.'' The second motion to change the venue was rightfully overruled, because no reason was shown in the second affidavit

why the matters therein alleged were not presented in the first affidavit. *Millison* v. *Holmes*, 1 Ind. 45; *Nave* v. *Baird*, 12 Ind. 318.

Under the first and second reasons for a new trial, to wit, that the verdict was contrary to law, and not sustained by sufficient evidence, the appellant claims that the words "were not proved with as much certainty and exactness as the law requires," and that there was no proof whatever showing a provincial meaning of the word "bitch." In both these particulars the appellant is mistaken. It was clearly shown that the appellant called the woman "a bitch," as stated in the complaint, and that, when applied to a woman, that word was then and there understood to mean, and did mean, an imputation of whoredom.

The sixth and seventh reasons for a new trial are, that the court permitted John M. Richey to prove the speaking of like slanderous words at another time. Such evidence was admissible to show malice. *Meyer* v. *Bohlfing*, 44 Ind. 238.

The remaining causes alleged for a new trial refer to instructions given by the court, of its own motion, and to the admission and exclusion of testimony; but, as none of these are discussed in the appellant's brief, they need not be examined here. There was no error in overruling the motion for a new trial.

The appellee assigns as cross errors the sustaining of the demurrers of the defendant John Logan to the first and third paragraphs of the complaint. In these paragraphs the wife claims damages against the defendant John Logan, because, by persuasion and promises and threats, he induced her husband to abandon her, whereby she lost her husband's company and care and support, to her damage $10,000. Such an action can not be maintained. The remedy given by the act of March 25th, 1879, *supra*, is confined to injuries to the person or character of the wife. The loss of a husband's

society is not an injury to the character of the wife, nor is it an injury to her person.

There was no error in sustaining the demurrers to the first and third paragraphs of the complaint.

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things affirmed, at the costs of the appellant.

ELLIOTT, C. J., and WOODS, J., dissent from so much of the foregoing decision as relates to the cross errors assigned.