On Petition for Rehearing-.
Per Curiam.
It is urged in the petition for a rehearing that this court had no jurisdiction of this appeal, for the reason that appellant did not make his co-defendants in the court below co-appellants in this court, as required by section 647, Burns’ R. S. 1894 (635, R. S. 1881).
Before the taking effect of the act of 1895 (Acts 1895, p. 179), this court held that all co-parties to the judgment in the court below must be made co-appel *689 lants. in this court in all appeals governed by the code of civil procedure, or the same would be dismissed for want of jurisdiction. Gregory v. Smith, 139 Ind. 48; Wood v. Clites, 140 Ind. 472, and cases cited.
Under the provisions of said act of 1895, when one or more co-parties appeal from a judgment taken against them to this or the Appellate Court, under section 650, Burns’ R. S. 1894 (638, R. S. 1881), known as a term time appeal, it is not necessary to make the co-parties to the judgment not appealing, parties to the appeal; nor is it necessary to name them in the assignment of errors as appellants or appellees. Section two of said act provides that it shall not apply to vacation appeals, and that it shall apply to all appeals that were on file in the Supreme or Appellate Courts on March 9,1895, as well as to all appeals taken after said date.
Since said act of 1895 took effect, it is only in vacation appeals that those who appeal must make all co-parties to the judgment co-appellants in this court or the appeal will be dismissed for want of jurisdiction. Denke-Walker v. Loeper, 142 Ind. 657, and cases cited; Shurman v. Collis, 144 Ind. 333.
The appeal in this case, however, was a term time appeal, as stated in the original opinion and was pending in this court on March 9, 1895, when said act of 1895 took effect, and was, therefore, governed by its provisions, and it was not necessary, therefore, for appellant to make his co-defendants in the court below, even if they were joint judgment defendants with him, co-appellants in this court. But if this was a vacation, and not a term time appeal, was appellant required to make his co-defendants in the court below co-appellants in this court?
As shown in the original opinion, four distinct and separate judgments were rendered against appellant; *690 one in favor of Turpies, one in favor of Turpies’ wives, one in favor of Horner, and one in favor of Jones. Each of said judgments was rendered against appellant alone, and no other person was a co-party with him thereto. Under the special finding, and the terms of said judgments, no other persons had any interest whatever therein, except appellant and the above named persons in whose favor they were respectivéLy rendered.
A separate appeal was taken by. appellant from each of said four judgments against him.
None of appellant’s co-defendants in the court below were co-parties to the judgments, against him, from which the appeals were taken, although they were parties to the record.
Appellant’s co-defendants did not have a common interest with him, and the affirmance or reversal of the judgments appealed from will not affect the rights or interests of such parties.
Section 647 (635), supra, relating to notice to co-parties, cited by appellees, applies only to those who are parties to the judgment. Persons who were parties to the record, but not parties to the judgment, are not required to be made parties on appeal, or to be served with notice. Alexander v. Gill, 130 Ind. 485; Koons v. Mellett, 121 Ind. 585, 7 L. R. A. 231; Berghoff v. McDonald, 87 Ind. 549; Logan v. Logan, 77 Ind. 558; Elliott’s App. Proced., sections 141, 146.
It is clear from these authorities that under said section 647 (635), supra, cited by appellees, appellant was not required to make his co-defendants in the court below co-appellants in this court, for the reason that they were not co-parties in the judgment from which the appeals were taken; nor will the affirmance or reversal of said judgments affect their rights. It is immaterial, therefore, whether this is a *691 term time or vacation appeal, as in either case appellant was not required to make any co-defendant in the court below co-appellant in this court.
Although the joinder in error endorsed upon the record was without authority, yet all the appellees who were necessary parties to the appeal have either been served with process, or, by attorneys have filed briefs, or have otherwise appeared in this court. We think, however, that the joinder in error endorsed upon the record and signed by attorneys who designate themselves as attorneys for appellees, has not been successfully assailed. Horner is the only appellee who denies the authority of said attorneys to appear, and he has otherwise appeared in this court, and it is not material, therefore, whether such attorneys had authority to sign the joinder in error as his attorneys or not. No other appellee denies or questions said attorneys7 authority to appear and sign the joinder in error as his attorneys.
The other questions presented have been fully considered and determined in the original opinion and, after a careful review of the same, we see no reason to change the views there expressed.
The petition is, therefore, overruled.