BOARD OF CHILDREN'S GUARDIANS OF MARION COUNTY ET AL. *v.* GIOSCIO.

[No. 26,598. Filed October 21, 1936.]

L. *Russell Newgent* and *Maurice E. Tennant*, for appellants.

*William B. Miller, Jacob S. Miller* and *Richard L. Ewbank,* for appellee.

HUGHES, C. J.—The appellee filed a petition for a writ of habeas corpus, alleging that one Jacqueline Gioscio, a minor child, was unlawfully restrained of her liberty and wrongfully imprisoned. The petition was granted and from the granting of the writ this appeal was taken.

The petition alleged that the said Jacqueline Gioscio was restrained of her liberty by virtue of a void order made by the judge of the Juvenile Court of Marion county and that she was confined in the Home of the Board of Children's Guardians; that there was no affidavit, warrant, or charge against said child, and no

evidence of any offense against her; that the said Mary Gioscio, appellee, by virtue of an order of the Marion County Superior Court, Room No. 1, cause A-81646, in the cause of *Donald Gioscio* v. *Lorene Gioscio,* was given the care and custody of said minor child and that the said Board of Children's Guardians has refused to surrender said child to her. The petition further alleges that there was no hearing wherein the said minor child was charged with being a dependent or neglected child and no charge filed upon which the said juvenile court could have made an order committing said child to said Board of Children's Guardians. Other charges are made concerning the conduct of the judge of said juvenile court which are not necessary to set out. Upon the petition being filed a writ was issued and the defendants filed a return thereto.

The return shows that prior to March 18, 1935, there were filed two affidavits in the juvenile court before the said Judge Geckler, one being by the mother of said child, Lorene Gioscio, and one by the father, Donald Gioscio, charging each other with neglect of said child; that on March 18, 1935, the parents appeared in court with said child for trial; that a trial was had and both parents were found guilty of child neglect, each fined one dollar and costs and sentenced to serve thirty days in jail. The jail sentence was suspended. It is alleged that as a part of said judgment rendered at said trial the said Jacqueline Gioscio was adjudged and decreed a ward of said court and placed in the Marion County Detention Home until transferred to the Board of Children's Guardians and that said child is now in the custody of said Board of Children's Guardians by virtue of said order. A copy of the affidavits filed by each parent against the other is made a part of the return.

The affidavit filed by Donald Gioscio against Lorene Gioscio is as follows:

"STATE OF INDIANA
      vs.
LORENE GIOSCIO

AFFIDAVIT FOR NEGLECT
OF CHILD

Donald Gioscio, being duly sworn, upon oath says that he is informed and believes that Jacqueline Gioscio is a DEPENDENT AND NEGLECTED CHILD under the age of (16) (17) years, and that Lorene Gioscio, who is the parent or person upon whom said child or children are depending for support or having the care, custody, or control, and is responsible for the care, custody, control or support of said child ————, did in Marion County and State of Indiana, on or about the 3rd day of Mch., 1935, unlawfully, willfully neglect or contribute to the neglect of said child or children by then and there unlawfully, willfully, neglecting and failing to furnish said child or children with proper and necessary parental care, home, food, clothing or support; said defendant then and there being able by personal service and labor so to do, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Indiana.

X  DONALD GIOSCIO.

To the return the plaintiff filed exceptions as follows:

"1. That the return is not complete in that it fails to show on its face that the court (Juvenile Court) had jurisdiction of Jacqueline Gioscio against whom an order was made.

"2. That the return and answer to said writ shows on its face that no proper petition or proceedings were held against the child, Jacqueline Gioscio, for and on whose behalf the writ of habeas corpus was issued, and that by reason of the failure to have either a petition or proceeding against said minor child, said return is not complete."

The court sustained the exceptions. The appellants, defendants below, refused to plead further and elected to stand upon their verified return. Evidence was then submitted and a finding made for appellee.

The sustaining of the exceptions did not preclude the appellee from submitting evidence upon her petition.

When the exceptions were sustained and the defendants, appellants here, refused to make further return to the writ it was equivalent of an admission, on their part, that all the facts were before the court, and that they were consequently unable to add anything material to what had been already stated. It was then proper for the court to hear evidence. *Joab* v. *Sheets* (1885), 99 Ind. 328. The evidence is not in the record and the only question for us to consider is the sufficiency of the return, as there was no motion to quash the writ.

Section 9-2808, Burns 1933, §5671, Baldwin's 1934, provides:

> 2. "The judge of the juvenile court in any county shall hear every case brought by any person, or by the board of children's guardians concerning a dependent or a neglected child, and if, upon hearing, either in term time or in vacation, he finds that the best interest of such child shall be served by making it a public ward he shall do so by making it a ward of said court, of the board of county commissioners, or of the board of children's guardians, as he shall direct . . ."

This is in the nature of a civil proceeding. It is not a criminal proceeding and is not done in the name of the State, but by any person or by the board of children's guardians upon petition. It is a special statutory proceeding and the provisions of the statute must be followed.

Section 9-2809, Burns 1933, §5672, Baldwin's 1934, under which the affidavits were filed by the father and mother against each other, and under which the child was found to be neglected and made a ward, is a penal statute providing a penalty and declaring it a misdemeanor for one to neglect a child. The affidavit heretofore set out clearly shows that it is

a criminal affidavit and the purpose of which was the basis of a prosecution against each parent for neglecting their child. Under such a proceeding the juvenile court had no jurisdiction or power to find that the child was a neglected child and make it a ward. If, under such a proceeding, the evidence shows that the child was neglected, then under Section 9-2808, *supra,* any person or the board of children's guardians could file a petition in the juvenile court and have a finding that the child was neglected and made a ward as provided for under said section. Under Section 9-2809 the proceedings must be instituted by the state the same as in any other criminal action. It is a prosecution by the State to enforce its criminal laws. A proceeding under this section of the statute cannot usurp and take the place of the provisions of Section 9-2808.

> "A court can not of its own motion assume jurisdiction in a particular matter; it is necessary that some person should in some legal way invoke its action." 15 C. J. 797.

As said in the case of *Robertson* v. *State* (1887), 109 Ind. 79, 82, 10 N. E. 582,

> "An expression of opinion by a judicial tribunal, where it has no power to speak by the law, is utterly devoid of force. A decision without jurisdiction is a judgment only in form, for it is absolutely and everywhere void. . . . To the judicial department as the most conservative of all the co-ordinate branches of government, is entrusted the high duty of declaring and enforcing the law as it exists and upon the officers of that department rests, more strongly than upon the officers of other departments, the solemn obligation to unwaveringly abide by the established principles of law. . . . It is an established principle of law, long settled and firmly maintained, that a court will not decide any question affecting the merits of a case over which it has no jurisdiction, and no court can, without a plain and inexcusable breach of duty, violate that principle."

We think the juvenile court, in the instant case, was clearly without jurisdiction in the proceeding before it to make Jacqueline Gioscio a ward and therefore the facts as set out in the return were not sufficient and the court did not err in sustaining the exceptions thereto.

There are many questions discussed in the briefs of the appellant and appellee, but under the view we take of the case it is unnecessary to consider them.

Judgment affirmed.