STATE EX REL. YOUNG *v.* NIBLACK, JUDGE.

[No. 28,802. Filed June 13, 1951.]

*Leo J. Kriner,* of Indianapolis, for relator.
*John L. Niblack, pro se.*

DRAPER, C. J.—On May 17, 1951, the State of Indiana on relation of the School City of Gary, Lake County, Indiana, for and on behalf of said school corporation and all other school corporations similarly situated, filed a suit against Wilbur Young, as State Superintendent of Public Instruction of the State of Indiana; Wilbur Young, John J. Maehling, Herman B Wells, Ira L. Huntington, Charles E. Rochelle, Verne Crawford Freeman, Alfred C. Senour, as and constituting the Commission on General Education of the Indiana State Board of Education; Henry F. Schricker, Frank T. Millis, William L. Fortune, as and constituting the State Board of Finance of the State of Indiana; Frank T. Millis, as Auditor of the State of Indiana; State Board of Finance of the State of Indiana; and The Commission on General Education of the Indiana State Board of Education. The action was filed in the Superior Court of Marion County, Room One, and was returnable on June 1, 1951.

By its complaint, the plaintiff sought a declaratory judgment based upon the court's interpretation and construction of Chapter 247 of the Acts of 1949, Chapter 217 of the Acts of 1951, Section 2(e), and Chapter 231 of the Acts of 1945, as amended, including the amendment thereof by Chapter 293 of the Acts of 1951, for the purpose of determining and declaring the rights, status and legal relations of relator, and all other school corporations similarly situated, to distributions of money from the State School Tuition Fund pursuant to and based upon said Acts, and for all other proper relief in the premises.

On May 28, 1951, an application for change of venue from the county was filed which reads as follows:

"Comes now Wilbur Young, Individually, as State Superintendent of Public Instruction of the

State of Indiana, and as a member of the Commission on General Education of the Indiana State Board of Education and alleges and says:

"That an odium attaches to his defense in the above entitled cause in the County of Marion, State of Indiana, and prays the Court that the venue of this cause be changed from said Marion County."

It was signed and verified by Wilbur Young.

On May 29, 1951, the parties appeared and the Attorney General objected orally in open court to the granting of the change of venue on the ground that said State Superintendent of Public Instruction could not be represented by anyone other than the Attorney General of Indiana. The court having heard arguments and being duly advised, overruled said application for change of venue from the county and denied the same.

On May 31, 1951, the State of Indiana on the relation of Wilbur Young, as State Superintendent of Public Instruction of the State of Indiana, filed in this court his verified petition for a writ of mandate commanding the Judge of the Marion Superior Court, Room One, to grant said change of venue, or in the alternative to show cause, if any he had, why the same should not be done. We issued an alternative writ, returnable June 9, 1951.

Respondent judge has now filed in this court his return to the alternative writ of mandate wherein he represents that he denied the change of venue because (1) the same was upon the application of persons not a party to the action pending, and (2) it was not shown or determined that any of the parties to the action speaking by someone authorized to speak for them had asked for change of venue.

Burns' 1946 Replacement, § 2-1401, provides, in part, as follows:

"The court, in term, or the judge thereof, in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one (1) or more of the following causes: . . . Third. That . . . an odium attaches to the applicant, or to his cause of action or defense, *on account of local prejudice.*" (Emphasis supplied.)

It will be noted that the application for change of venue in this case states that "an odium attaches to the applicant's defense in the above entitled cause in the County of Marion, State of Indiana," but it fails to state that said odium attaches "on account of local prejudice."

Statutes providing for and governing changes of venue are designed as procedural safeguards of a fair trial. "The rights of the parties and the powers of the courts in regard to changes of venue are regulated by statute. While a common law right to a change of venue upon certain grounds has been recognized in some jurisdictions where no complete statute upon the subject exists, *Crocker* v. *Justices* (1911), 208 Mass. 162, 94 N. E. 369, 21 Ann. Cas. 1061, the general rule is that a change of venue can be asserted and be exercised only in the manner provided by the statute and in accordance with the provisions thereof." *State, ex rel.* v. *Superior Court of Marion County* (1931), 202 Ind. 456, 174 N. E. 732.

An application for change of venue from the county must state one of the causes expressly mentioned in the statute as authorizing a change of venue from the county. *Millison* v. *Holmes and Others* (1848), 1 Ind. 45; *Morris* v. *Graves* (1850), 2 Ind. 354; *Sullivan* v. *Sullivan* (1870), 34 Ind. 368; *Logan* v. *Logan* (1881), 77 Ind. 558; 67 C. J., p. 146, § 241.

514

In the early history of this state, a litigant could
have a change of venue because of the odium which at-
tended the party or attached to his legal cause of
action or defense *or* on account of local preju-
dices. See, i.e. Sec. 1, R. S. 1843, p. 949. For
many years, however, the statute has read as above
quoted. That the legislature intended no longer to per-
mit the attachment of an odium to be sufficient cause
for a change of venue from the county unless produced
by local prejudice, is too apparent to admit of doubt.

It is obviously not now the policy of our law to afford
a change of venue from a county merely because an
odium attaches to the applicant, or to his cause
of action or defense in that county. Unless the
odium is the result of present local prejudice it
would likely attach in any county, and the removal
of the cause to a neighboring county would not increase
the probability of a fair trial. If the odium is the result
of local prejudice, the removal of the cause from such
a hostile climate might afford a fair trial which would
otherwise be unavailable. It is that result which the
law seeks to achieve. The statute gives one the right
to a change of venue for one of the causes specified
therein. The cause in which we are now interested is
that an odium attaches to the applicant or to his cause
of action or defense *on account of local prejudice*. The
statutory cause was not shown in the relator's applica-
tion and he is, therefore, not entitled to a change of
venue from the county on the application filed.

It is true that the ruling below was not grounded
on the law as above stated. It was based on the court's
belief that the application was not made by a
party to the action and on the further ground
that the Attorney General not only had not
filed the application on behalf of the relator, but he had
actively opposed the granting of the change. What the

law may be with regard to these positions we need not and should not decide. Regardless of the reasons assigned for the ruling, the ruling was right. It is elemental that when the ruling is right the reason assigned therefor becomes unimportant.

This court cannot properly mandate a change of venue from the county on an insufficient application therefor.

Permanent writ of mandate denied and temporary writ dissolved.

NOTE.—Reported in 99 N. E. 2d 252.