STATE EX REL. BRYANT ET AL. *v.* WARRICK CIRCUIT COURT, BEAVERS, JUDGE, ETC.

[No. 29,115. Filed December 7, 1953.]

*Raymond R. Poliakoff*, of Boonville, and *Jacobs & Noland*, of Indianapolis, for relators.

*Addison M. Beavers, pro se.*

BOBBITT, J.—Relators, by this action, seek to compel the Warrick Circuit Court to grant a change of judge in a proceeding for the custody of a child under Acts 1907, ch. 41, §3, p. 59, being §9-2808, Burns' 1942 Replacement, and Acts 1945, ch. 356, §16, p. 1724, being §9-3216, Burns' 1942 Repl. (1953 Cum. Supp.).

The petition for custody was filed in the Warrick Circuit Court on June 4, 1953, and recited that the child in question was born to relator Hazel Irene Duff Bryant on February 18, 1949; that the child has been illegally held by the Warrick County Department of Public Welfare from the date of its birth; that the child was taken without the mother's consent and the custody and control illegally given to such Department of Welfare; and that she never abandoned said child and requests that she now be given its care and custody.

We issued an alternative writ of mandate commanding respondents to sustain and grant the motion for change of venue from the judge or, in default thereof, to show cause, if any, why such motion should not be granted.

Respondents duly filed their return and response alleging that relators were not entitled to a change of judge in such proceedings "at the time the ruling of the Court denying a change of judge was entered" because such proceedings were not adversary.

Respondents rely upon *State ex rel. Stockton* v. *Leopold* (1949), 227 Ind. 426, 86 N. E. 2d 530, to support their position. That case was an original action in this court seeking a writ of mandate to compel the granting of a change of venue in the administration of an estate. In construing Acts 1935, ch. 71, §1, p. 199, being §2-1403, Burns' 1946 Repl., which was relied upon to support the request for a change of venue in that case, this court, at page 431, 227, Ind., said:

"This statute contemplates that there will be adverse parties in the 'action, proceeding or matter' and that a trial will be required to have the issue determined."

Respondents assert that this language is applicable to the statute under which relators herein are proceeding.

Acts 1945, ch. 356, §16, p. 1724, being §9-3216, Burns' 1942 Repl. (1953 Cum. Supp.) *supra,* relating to the change or revocation of an order of commitment made by the court in the case of a child provides, among other things, "If the court is of the opinion that an investigation should be had, it may, upon due notice to all concerned, proceed to hear and determine the question at issue."

The case at bar is clearly distinguishable from the Leopold case in that there the matter involved was the simple administration of an estate wherein no adversary proceedings were pending.

Even though the rule announced in the Leopold case, and relied upon here by respondents, were applicable to the statutes here under consideration, a question which we need not decide, it lends no support to their position because a proceeding under §§9-2808 and 9-3216, *supra,* is, of necessity, in the nature of an adversary proceeding.

Although relators' petition herein may be *ex parte* in form, the Warrick County Department of Welfare,

in whom present custody is alleged, is the party against whom the petition is directed. It is, in fact, the defendant in the proceedings—the adversary party—and the proceeding is, we think, adversary in fact.

In a hearing to determine the custody of a child the court acts judicially. An action brought under §§9-2808 and 9-3216, *supra,* to restore a child to the custody of its parents is a special statutory proceeding. *Board of Children's Gdns. of Marion Co.* v. *Gioscio* (1936), 210 Ind. 581, 585, 4 N. E. 2d 199. It is in the nature of a civil proceeding and is not triable by a jury.

The fact that the statutes under which relators are proceeding are silent on the subject of a change of venue does not preclude the right thereto. *State ex rel. Botkin* v. *Leffler* (1953), 232 Ind. 541, 114 N. E. 2d. 804.

Acts 1929, ch. 6, §1, p. 12, being §2-1402, Burns' 1946 Repl., provides that when any matter of a statutory nature not triable by a jury is pending, the judge before whom the cause is pending shall grant a change of venue upon the application of either party to such cause. We believe relators' action to restore the custody of a child comes clearly within the provisions of §2-1402, *supra,* and relators are, therefore, entitled to a change of judge.

Respondents having failed to show cause why relators' motion for a change of judge should not be granted, the alternative writ of mandate heretofore issued is hereby made absolute.

Gilkison, J., not participating.

NOTE.—Reported in 115 N. E. 2d 742.