WOOD v. WOOD.

[No. 18,533. Filed December 15, 1954.]

*Ferdinand Samper,* of Indianapolis, for appellant.

*Rochford & Rochford, Paul E. Blackwell* and *Alembert W. Brayton,* all of Indianapolis, for appellee.

ROYSE, P. J. — Appellee brought this action for divorce against appellant. Trial to the Court resulted in judgment granting appellee a divorce. ·

The only error assigned here is the overruling of appellant's motion for a new trial. The specifications of that motion are as follows:

"1. The Court erred in overruling defendant's motion for a change of judge and in refusing to grant a change of judge.

"2. The Court erred in overruling defendant's oral motion for a continuance to make up issues.

"3. The finding of the Court is not sustained by sufficient evidence.

"4. The finding of the Court is contrary to law."

The trial court overruled the motion for the "reason said motion was not presented to the Judge personally." The record discloses the following order book entry in reference to the motion for a new trial:

"And afterwards towit October 8th 1953 being the 4th Judicial day of the October Term 1953 of said Court, before the Honorable John L. Niblack Judge thereof the following further proceedings . were had herein towit:

"Comes now the defendant by counsel and files a Motion and Memorandum supporting Motion for · New Trial, which motion reads as follows:"

The reason for the rule that a motion for new trial must be filed and presented to the Court is to call the attention of the Judge to said motion. The record set out above clearly indicates the motion for new trial herein was called to the attention of the Judge. Therefore, the reason he assigned for overruling it was erroneous. However, it is well settled that if the ruling of the trial court is correct for any reason, it will be sustained even though the Court gave an erroneous reason for its action. *State ex rel. Young* v. *Niblack, Judge* (1951), 229 Ind. 509, 514, 515, 99 N. E. 2d 252; *Central Indiana Railway Company* v. *Wishard* (1917), 186 Ind. 262, 274, 114 N. E. 970.

We proceed to a consideration of the record to determine whether for any reason the motion for new trial was properly overruled.

The first specification asserts error in refusing to grant a change of venue from the Judge. Neither appellant's brief nor the record shows that a motion for a change of Judge was filed. The record discloses appellant moved the Court for a continuance of forty-eight hours to permit counsel time to have petition for change of Judge verified. This motion was overruled. Appellant has not assigned that action as error. Therefore, no question is presented on that subject.

The second specification asserts the Court erred by overruling his motion for continuance to make up issues. The record does not show that any such motion was filed. The record does disclose that at the conclusion of appellee's evidence, appellant moved the Court not to grant the divorce until he had an opportunity to bring in witnesses on his behalf, which he was precluded from doing because the pleadings were not at issue as of the morning of the trial. When this motion

was made the trial court directed appellant's attorney to state to the record what his defense would be if he had a meritorious defense. The record then discloses the following:

"MR. SAMPER: Our defense would be — we would have to answer that complaint, this amended complaint as we now have it. We sincerely feel that it could not be answered the way it is written, but if forced to do so we would, and deny each and every allegation, and in addition show that there were extenuating circumstances in this imprisonment, and there likewise is great probability of a reversal, and we will cite certain authorities showing that in a case of conviction of an infamous crime, if there is any remedy available to the man that the action is premature if it is based entirely on that. Other witnesses would show, if permitted, that the defendant has not threatened her in such a manner and we believe there are other motives whereby this plaintiff filed a divorce action two-and-one-half years later after he went to Michigan City, but we are not prepared on the short notice of today to do that, your Honor.

"THE COURT: I notice that the complaint here says Armed Robbery. Was that what he was convicted of?

"MR. BLACKWELL: He pled guilty to Auto Banditry, Judge. The plaintiff at this time moves the Court to permit the plaintiff to amend the complaint.

"THE COURT: Let the record show that at the end of plaintiff's case, the complaint is amended to conform with the evidence.

"THE COURT: The legislature of Indiana laid down the law that conviction of a crime was grounds enough for the family to have a divorce, and you say the man pleaded guilty, did you?

"MR. SAMPER: He entered a plea of guilty to Auto Banditry charge.

"THE COURT: That is sufficient evidence for this Court. Motion overruled. Divorce granted. Custody of the children awarded the plaintiff."

Had this action of the trial court been questioned in the motion for a new trial a far more serious question would be presented here. However, this was not done and for the reason the motion referred to in the second specification of the motion for a new trial is not in the record, no question is presented by it.

The third and fourth specifications of the motion for a new trial question the sufficiency of the evidence to sustain the finding and judgment of the Court. We have examined the evidence set out in appellant's brief and in our opinion it is ample to sustain the judgment of the Court.

Judgment affirmed.

Achor, J., not participating.

NOTE.—Reported in 123 N. E. 2d 201.