STATE OF INDIANA ON THE RELATION OF BONNIE DUNN *v.* THE LAKE JUVENILE COURT AND JOSEPH MESZAR, AS JUDGE, ETC.

[No. 30,940. Filed July 11, 1967.]

*Lowell E. Enslen,* of Dyer, and *William J. Moran,* and *Peters, McHie, Enslen & Hand,* both of Hammand, all for Relator.

*Forrest E. Gantenbein,* of Hammond, for Respondents.

JACKSON, J.—This matter comes to us on verified Petition for Writ of Mandate. We issued the writ in the alternative. It appears that this action affects and relates to three cases pending in the Lake Juvenile Court.

The petition herein in pertinent part reads as follows:

"1. That the Respondent, Joseph Meszar, is the duly elected, qualified and acting Judge of the Lake Juvenile

Court of the State of Indiana and at all times hereinafter mentioned, was the sole and only Judge of said Court.

"2. That the Relator is the mother of Janice Lynn Dunn, Paul Allen Dunn, Bruce Adley Dunn, Dale Edward Dunn, Raymond Dunn and Brian Dunn.

"3. That on or about the 20th day of January 1966, the Lake County Department of Public Welfare filed, in the Lake Juvenile Court, three (3) respective cases which are entitled as follows:

Lake County Department of Public Welfare v. Janice Lynn, Paul Allen, Bruce Adley, Dale Edward Dunn and Bonnie Dunn. Cause No. J66-93. Lake County Department of Public Welfare v. Raymond Dunn and Bonnie Dunn. Cause No. J66-95. Lake County Department of Public Welfare v. Brian Dunn and Bonnie Dunn. Cause No. J66-96.

all of said cases being actions to determine the wardship and custody of allegedly neglected children brought upon Petition of the Lake County Department of Public Welfare. (Certified copies of the Petitions for Wardship are attached hereto and made a part hereof).

"4. That on the said 20th day of January, 1966, the Clerk of the Lake Juvenile Court issued a Summons to the Sheriff of Lake County, Indiana, directing and commanding said Sheriff to summon the said Bonnie Dunn to appear and answer said Complaints on the 1st day of February, 1966, and that said Summonses were duly served upon the Relator.

"5. That after the service of said Summonses as aforesaid, the said Relator, Bonnie Dunn, appeared by counsel in each of the aforesaid cases in said Lake Juvenile Court on the 1st day of February, 1966, as appears by certified copies of the Order Book entries attached hereto as a part hereof.

"6. That thereafter, on the 8th day of February 1966, the said Relator filed her Motions for Change of Venue from the County in each of said causes, a certified copy for said Motions for Change of Venue being attached hereto and made a part hereof.

"7. That at the time of the filing of said Motions for Change of Venue from the County, neither the Relator nor her attorney nor anyone on her behalf had filed any motion, demurrer, answer, pleading, or other paper in said cause; that at said time, there was no motion, rule, or order of said

Court against the Relator as defendant in said cause, undisposed of, or with which Relator had not complied.

"8. That Relator would further show that her Motion for Change of Venue from the County was timely and properly filed and is sufficient in form and substance under the statutes of this state to entitle Relator to a change of venue from the county in the above mentioned causes of action, and that the causes of action are such for which a change of venue is allowed by law.

"9. That on the 1st day of March, 1966, the Court took up the hearing and consideration of Relator's Motions for Change of Venue from the County and took the same under advisement until March 8, 1966, all of which appears from the certified copies of the Order Book entries attached hereto.

"10. That on the 8th day of March, 1966, Relator and her attorney again appeared in open court and the Court announced that it had considered Relator's Motions for Change of Venue from the County and overruled the same and refused to grant Relator a change of venue from the county in each of the respective cases, all of which appear from the certified copies of the Order Book entries which are attached hereto.

"11. That at the time the Court ruled on Relator's Motions for Change of Venue from the County and refused to grant Relator a change of venue, there was no motion, rule or order of Court against this Relator pending and undisposed of, and with which Relator had not complied.

"12. That Relator makes a part of this Petition for Mandate and attaches hereto certified copies of the record of the proceedings of said causes of action now pending in the Lake Juvenile Court before the Respondent, the Honorable Joseph Meszar, Judge of said Court, and Relator also makes a part of this Petition for Writ of Mandate and attaches hereto, certified copies of the pleadings, including the Motions for Change of Venue from the County filed in each of the above stated causes of action; that said copies are properly certified by the Clerk of the Lake Juvenile Court under seal of said Court; that both the Order Book entries and the pleadings in each case have been combined by the Clerk of the Juvenile Court as to each case and are attached hereto respectively as follows:

"*Exhibit 'A'* contains certified copies of all Order Book entries and all pleadings in Cause No. J66-93.

"*Exhibit 'B'* contains certified copies of all Order Book entries and all pleadings in Cause No. J66-95.

"*Exhibit 'C'* contains certified copies of all Order Book entries and all pleadings in Cause J66-96.

"WHEREFORE', the Relator prays that an Alernative Writ of Mandate be issued against the Respondents herein, mandating the granting of a Change of Venue from the County in said cause entitled:

Lake County Department of Public Welfare v. Janice Lynn, Paul Allen, Bruce Adley, Dale Edward Dunn and Bonnie Dunn. Cause No. J66-93. Lake County Department of Public Welfare v. Raymond Dunn and Bonnie Dunn. Cause No. J66-95. Lake County Department of Public Welfare v. Brian Dunn and Bonnie Dunn. Cause No. J66-96.

all of which are pending in the Lake Juvenile Court, and commanding the Respondents to show cause, on or before a day to be fixed by the Court, why the Writ should not be made permanent, and for all other just and proper relief."

The writ issued, in response to the petition, commanded the Lake Juvenile Court and the Judge thereof to grant Relator's Motions for Change of Venue in each of the cases shown in the petition and named in the writ, or on failure so to do that the Respondents file their return showing any reason in law or in fact why the writ should not be made permanent.

Thereafter, and within the time allowed, respondent filed his return to the writ in two paragraphs. Paragraph one of rhetorical paragraph one of respondent's answer admits the averments of rhetorical paragraphs 1, 2, 3, 4, 5, 6, 7, 9, 10 and 11 of relator's verified petition.

For answer to rhetorical paragraph 8 of relator's verified petition respondents answered in denial.

For answer to rhetorical paragraph 12 of relator's verified petition respondent answered that he was without information as to the allegations therein contained.

Rhetorical paragraph II of respondents' answer reads as follows, to-wit:

"1. That respondent admits he refused to grant the motion and affidavit for change of venue from the county for the reasons that first, said motion and affidavit failed to state the cause for the change as expressly stated in the statute Section 2-1401 Burns', 1946 (Replacement) for a change of venue from the county. Secondly, there is no provision in the statute for a change of venue from the judge or county in a child neglect and dependency case."

The court has been favored in this case with well written briefs by counsel for relator and respondent in which the questions here present are ably discussed.

Respondent relies on the case of *State. ex rel. Young* v. *Niblack* (1951), 229 Ind. 509, 99 N. E. 2d .252, which held that an application for a change of venue from the county must state one of the causes expressly mentioned in the statute authorizing a change of venue from the county. But the rule of the *Young* case was superceded in 1964 when Rule 1-12B of this Court was amended to remove the requirement that grounds for change of venue had to be specifically stated in the application. Rule 1-12B in pertinent part reads as follows:

"In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. . . .

Respondent further argues that the instant case involves a dependency and neglect case, that Acts 1945, ch. 347, § 9-3101 et seq., Burns' 1956 Replacement, created a special statutory tribunal with exclusive original juridiction in such cases, and therefore, no change of venue is permitted. In support of this argument respondent cites *Heber* v. *Drake* (1918), 68 Ind. App. 448, 118 N. E. 864.

The statute relating to proceedings in child neglect cases makes no provision for a change of venue, nor does it prohibit a change; it is silent on that question. In *State ex rel. Bryant et al.* v. *Warrick. C. C.* (1953), 232 Ind. 655, 658, 115 N. E. 2d 742, this Court said:

"The fact that the statutes under which relators are proceeding are silent on the subject of a change of venue does not preclude the right thereto."

This court has previously decided the question here involved in *Johnston* v. *State* (1937), 212 Ind. 375, 8 N. E. 2d 590. In that case the question of the right to a change of venue is ably discussed at some length at pages 377, 378 and 379. There this court held as follows:

". . . But it has long been recognized that, where the statute is silent on the subject of a change of venue, the mere fact that a proceeding is a special statutory one, does not preclude the right to a change. Changes of judge and changes of venue from the county are provided for in the same statute, and they may be had in any civil action, which, by the statutory definition, means any action for the enforcement or protection of private rights and the redress of private wrongs."

Respondent further argues that allowing changes of venue in child neglect cases would frustrate the juvenile courts function of child protection because the courts would be unable to act quickly in emergencies. We think this argument presents little or no merit as Acts 1945, ch. 356, § 9, p. 1724, § 9-3209, Burns' 1956 Replacement provides in part that the juvenile courts may immediately take children into custody in emergency situations. Juvenile Court proceedings are like other court proceedings in that certain procedural safeguards must be observed. The right to a change of venue is one of those safeguards.

The alternative writ heretofore issued is now made permanent.

Hunter, C. J., Lewis, Arterburn and Mote JJ., concur.

NOTE.—Reported in 228 N. E. 2d 16.