IN RE A.B., A CHILD UNDER EIGHTEEN (18) YEARS OF AGE.

[No. 3-1173A159. Filed August 14, 1975.]

*David P. Matsey*, Legal Aid Society of Gary, Inc., for appellant.

*Thomas C. Ridgely*, Lake County Department of Public Welfare, for appellant.

GARRARD, J.—The natural father of a child born out of wedlock (Brown) brings this appeal from proceedings determining the child to be a dependent and neglected child.

The factual background discloses that the mother of the child was sixteen, unmarried, unemployed and residing with her mother. It appears that although the girl wanted to keep the child, her mother did not want her to. Accordingly, when the baby was about a week old its care was given to Brown's sister. When the sister was at work, the child was cared for by Brown's grandmother.

The child bore Brown's name, and no one involved disputed that Brown was the actual father. However, at the time the juvenile petition was filed (when the child was two weeks old) and at the time of the hearing (one week later), Brown had not been adjudicated to be the father. The Department of Public Welfare had temporary custody of the child pursuant to an order entered May 17, 1973, a week before the hearing.

Brown went to the hearing with counsel and sought to enter his appearance and be heard. When he was advised that he had no standing, he requested a continuance until his legal

paternity could be established. (The record discloses he was adjudged the father some six weeks later.) This request was denied and he was excluded from participation in the proceedings.

This appeal asserts error in the court's refusal to permit him to participate in the proceedings or, in the alternative, in refusing to grant a reasonable continuance to enable him to legally establish his paternity so that he might participate. We are not called upon to assess the potential merits of his claim. We consider only whether he was entitled to be heard.

We hold that the trial court abused its discretion in denying Brown any opportunity to be heard. We therefore reverse and remand.

In argument, Brown relies heavily upon *Stanley* v. *Illinois* (1972), 405 U.S. 465, 92 S.Ct. 1208, 31 L.Ed.2d 551.

In *Stanley,* an Illinois unwed father who lived with the mother of the children and who had actual care and custody of his illegitimate children for several years, had them taken in a dependency proceeding initiated upon the death of the mother. The Illinois court refused to consider on the merits whether the father was providing proper care. In so doing, it relied upon a presumption under Illinois law that any unwed father was *per se* unfit. The Supreme Court found this procedure to deprive the father of due process and deny him equal protection of the laws.

In the case before us we do not find the Indiana statute, IC 1971, 31-5-7-1 *et seq.,* unconstitutional, nor do we need to

Our act declares that its purpose is:

".. . to secure for each child within its provisions such care, guidance and control, *preferably in his own home,* as will serve the child's welfare and the best interests of the state; . . ." IC 1971, 31-5-7-1. (Emphasis supplied)

The act is to be liberally construed to accomplish its purposes. IC 1971, 31-5-7-2.

The welfare department initially urges that Brown can show no prejudicial harm from his exclusion at the hearing because under our act he may petition to have the child restored to him.

While our act does provide procedure for restoring a child adjudicated dependent or neglected to its parents, two aspects of the procedure are notable. First, the court is invested with discretion as to whether the child be restored or retained. IC 1971, 31-5-7-17. Secondly, the petitioning parent bears the burden of proof, whereas in the original proceeding that burden is on the welfare department. *Cf. State ex rel. Bryant* v. *Warrick Cir. Ct.* (1953), 232 Ind. 655, 115 N.E.2d 742.

As the Court stated in *Stanley,* such a disadvantageous alternative will not preclude relief.

Our statute, IC 1971, 31-5-7-9, further provides that when a petition is filed, "unless the parties hereinafter named shall voluntarily appear", summons shall be issued requiring the person or persons who have the custody or control of the child to appear and bring the child. "If the person so summoned shall be other than the parent or guardian of the child, then the parent or guardian or both shall also be notified. . . ." (IC 1971, 31-5-7-3 provides that the use of the singular in the statute includes the plural.)

However, the statute does not stop there. Instead it additionally provides:

"Summons may be issued requiring the appearance of any other person whose presence, in the opinion of the judge, is necessary."

In view of the expressed purpose of the act, it is manifest that the intendment of the last-quoted sentence was to permit the court latitude in admitting additional parties to the proceedings where necessary to secure substantial justice and accomplish the statutory goals.

Here the person claiming to be the father appeared at the proceeding with counsel and indicated his desire to submit

to the jurisdiction of the court and contest the allegations of the petition. Although his paternity was not legally established, it is clear that neither was it disputed. The child, who was only three weeks old, was named for him and was in the care of his sister and grandmother when the proceeding was instituted.

In *Stanley* v. *Illinois, supra,* the Supreme Court affirmed the principle, on due process and equal protection grounds, that the fathers of illegitimate children who appear and contest dependency proceedings, such as the instant one, are entitled to a fitness determination upon the merits. Under the policy and provisions of our act, and in view of that principle, we are forced to conclude that the trial court abused its discretion in wholly denying Brown any opportunity to participate in the proceedings upon the facts presented.

We therefore need not and do not reach the question of whether or under what circumstances, if any, Brown was entitled to notice.

The decision is reversed and remanded.

Staton, P.J. and Hoffman, J., concur.

NOTE.—Reported at 332 N.E.2d 226.