## BRITTON *v.* FOX ET AL.

APPEAL.—*Justice of the Peace.*—An appeal from the judgment of a justice of the peace has the effect to vacate the judgment, and brings the case into court for a re-trial, as if it had not been before tried. The appellate court is not a court of errors.

JUDGE.—*Oral Appointment.*—A judge cannot, because he is "weary," orally authorize an attorney to receive the verdict of a jury. The fact that the counsel are present does not make the appointment effective.

APPEAL from the Steuben Circuit Court.

DOWNEY, J.—This action was commenced by the appellees against the appellant and one Ingersoll, before a justice of the peace, on a promissory note, made payable to Cheney and Nichols. There does not appear in the transcript of the justice of the peace any complaint other than the note itself. There is no indorsement of it to the plaintiffs shown. The cause was tried by jury, before the justice of the peace, and the jury returned a verdict, finding for the plaintiffs, but not assessing any damages, or ascertaining the amount due on the note. The defendant Rachel Britton appealed to the circuit court, the other defendant having pleaded infancy, and no further notice of him appears to have been taken.

In the circuit court, Mrs. Britton moved the court to set aside the judgment of the justice of the peace, and to order the judgment rendered by the justice to be by him stricken out and set aside, and for judgment for costs. This motion was overruled. We think this motion was properly overruled. The appeal from the judgment of the justice of the peace had the effect to vacate the judgment, and brought the case into the circuit court for re-trial, as if it had not been before tried. The circuit court does not act as a court of errors to review and correct the action of the justice of the peace in questions of law merely. In the circuit court there was a trial by jury, verdict for plaintiff, motion for a new trial overruled, and judgment for the plaintiff. It is alleged as error, that the circuit court improperly refused to grant a new trial on the motion of the defendant.

VOL. XXXIX.—24

The first reason for a new trial stated to the circuit court is, that when the cause was given to the jury, it was agreed that if they made a verdict during the night, it was to be sealed up and brought into court the next morning; that an unsealed verdict was brought into court in the night, and in the absence of the presiding judge, and delivered by the foreman to one of the attorneys for the plaintiff in this suit, without consent of the defendant or her counsel, and without any knowledge on her part, or of her counsel, that the verdict would be so received. The facts, as shown in the bill of exceptions with reference to this part of the case, are as follows: The case was tried by jury. The jury retired to deliberate on their verdict in the afternoon. After dark the judge obtained consent of counsel that if the jury did not agree upon their verdict before nine o'clock, and agreed after that time before the meeting of the court next morning, they might seal up their verdict and bring it into court next morning. The judge and the defendant's attorney then left the court room. About fifteen minutes before nine o'clock, the judge and defendant's attorney were notified that the jury had agreed, and came to the court room. The jury had not yet agreed. The judge, being weary, asked Glasgow, one of the attorneys for the plaintiffs, if he would receive the verdict, and he said he would, and the judge, not knowing that Glasgow was attorney for the plaintiff, he not having actively participated in the trial of the case, directed him to receive the verdict. The judge then left the court room, and did not return until the next morning. The counsel for the defendant was then present, but did not assent to this, and the judge says in the bill of exceptions that he is satisfied that his attention was not called to what took place, though he supposed at the time that it was assented to. Shortly after the judge left, the jury came into the court room with their bailiff, and took the jury seats. Glasgow took their verdict and read it. One of the jury said it was not correct. Glasgow then told them to correct it, which

they did, and he then again read it to them, and they assented to it. Glasgow then discharged the jury.

We are of the opinion that this proceeding cannot be sustained. It cannot be allowed that the judge of a court can thus orally designate an attorney to hold the court in his absence for any purpose, and that such attorney can then perform any of the duties of the judge of such court. It is provided by statute that in certain specified cases the judge of a circuit court may appoint a competent person to hold his court, but the fact that the judge is "weary" does not authorize him to appoint some one else to take his place. 2 G. & H. 9, 10. There was no court at the time when the verdict was returned and the jury discharged. The fact that counsel for the defendant was present, or was not present, can make no difference. We are not at all disposed to encourage any such loose practice.

We cannot examine the other reason for a new trial, which is the insufficiency of the evidence, because the evidence is not all in the record.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial, and for further proceedings.

*D. E. Palmer*, for appellant.