## SABO v. STATE OF INDIANA.

[No. 24,863.    Filed January 15, 1926.]

1. CRIMINAL LAW.—*Affidavit filed with a mayor charging a felony, not sufficient pleading in circuit court until prosecuting attorney's approval indorsed thereon.*—Under the provisions of §2103 Burns 1926, §1940a Burns' Supp. 1921, an affidavit filed before a mayor or justice of the peace charging a felony cannot serve the purpose of a pleading in the circuit court until the approval of the prosecuting attorney is indorsed thereon.    p. 211.

2. CRIMINAL LAW.—*Trial of felony in circuit court when accused has been recognized to appear therein by a mayor or justice is de novo.*—The trial of a felony in the circuit court when the accused has been recognized to appear therein by a mayor or justice of the peace is *de novo*.    p. 211.

3. CRIMINAL LAW.—*Arraignment necessary in circuit court when defendant recognized to appear therein by mayor or justice, hearing before mayor or justice not being equivalent to arraignment.*—The trial in the circuit court of a defendant charged with a felony before a mayor or justice of the peace and recognized to appear therein under §2102 Burns 1926, §1940 Burns 1914, being *de novo*, arraignment is necessary, the hearing before the mayor or justice not being equivalent to such arraignment.    p. 211.

4. CRIMINAL LAW.—*Failure to arraign the defendant properly presented by motion for new trial on ground that verdict is contrary to law.*—A failure to arraign the defendant is prop-

erly presented by a motion for a new trial on the ground that the verdict is contrary to law. p. 211.

5. CRIMINAL LAW.—*Failure of record to show arraignment in circuit court when defendant recognized by mayor to appear therein requires reversal.*—The failure of the record to show an arraignment in the circuit court of a defendant recognized to appear therein by a mayor or justice of the peace under §2102 Burns 1926, §1940 Burns 1914, requires the reversal of a judgment of conviction. p. 211.

From Daviess Circuit Court; *Milton S. Hastings,* Judge.

Joseph Sabo was convicted of unlawfully transporting intoxicating liquor in an automobile, and he appeals. *Reversed.*

*W. A. Cullop, Alvin Padgett* and *Arthur Rogers,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *U. S. Lesh,* for the State.

EWBANK, C. J.—Appellant was charged by affidavit with the unlawful transportation of intoxicating liquor in an automobile. The record does not show that he was arraigned or that he entered a plea of any kind in the circuit court, as the statute requires, §2232 Burns 1926, §2068 Burns 1914, §197, ch. 169, Acts 1905 p. 584. And while the defendant might be tried in the circuit court on the affidavit filed with the mayor of Washington, that affidavit could not serve the purpose of a pleading in the circuit court until the approval of the prosecuting attorney was indorsed upon it. §2103 Burns 1926, §1940a Burns' Supp. 1921; §1, ch. 252, Acts 1921 p. 742; *Hicks* v. *State* (1916), 185 Ind. 223, 225, 113 N. E. 722. And the trial in the circuit court on a charge of felony is *de novo.* §2102 Burns 1926, §1940 Burns 1914, §72, ch. 169, Acts 1905 p. 584. So that the hearing which appellant had before the mayor that resulted in his being recognized to ap-

pear and answer the charge in the circuit court was not a substitute for such arraignment and plea. §§2105, 2151, 2199, 2221 Burns 1926, §§1942, 1990, 2037, 2042 Burns 1914, §§74, 119, 166, 171, ch. 169, Acts 1905 p. 584; *Butler* v. *State* (1887), 113 Ind. 5, 8, 14 N. E. 247. The authorities hold that the motion for a new trial for the reason that the verdict was contrary to law sufficiently presented the objection that defendant had neither been arraigned nor waived arraignment and had not entered a plea. *Tindall* v. *State* (1880), 71 Ind. 314; *Bowen* v. *State* (1886), 108 Ind. 411, 412, 413, 9 N. E. 378; *Andrews* v. *State* (1925), 196 Ind. 12, 146 N. E. 817. For failure to arraign him or cause him to plead the judgment must be reversed. *Pritchard* v. *State* (1920), 190 Ind. 49, 51, 127 N. E. 545.

It· is not deemed necessary or advisable in deciding this appeal to pass on the question whether or not the intoxicating liquor found in the automobile was admissible in evidence.

The judgment is reversed, with directions to sustain the motion for a new trial.