STATE OF INDIANA EX REL. BOELDT *v.* CRIMINAL COURT OF MARION COUNTY, DIV. 2, RABB, J. ETC.

[No. 29,488. Filed February 1, 1957.]

*Ferdinand Samper,* of Indianapolis, for relator.

*John Tinder,* Prosecuting Attorney, Nineteenth Judicial District and *Keith Reese* Deputy Prosecutor, of Indianapolis, for respondents.

PER CURIAM.—Relator by this action seeks to compel respondents to grant a change of venue from the judge in a proceeding for discharge under Acts 1927, ch. 102, §2, p. 268, being §9-1705, Burns' 1946 Replacement.

Relator was indicted for the offense of committing physical injury while attempting to commit a robbery, and on a retrial by a jury was found guilty as charged, but insane at the time of the commission of the acts as charged in the indictment. The court, upon evidence heard, found that defendant-relator was insane at the

time of the trial, but was in a period of remission, and "the recurrence of such an attack of insanity is highly probable."

On September 24, 1954 relator was committed to the division of maximum security of the Dr. Norman M. Beatty Memorial Hospital.

On September 25, 1956 he filed an application for discharge under §9-1705, *supra,* and on October 5, 1956, filed an affidavit for change of judge.

On October 11, 1956, the State of Indiana filed its motion in opposition thereto, and respondents denied the request for change of judge.

From this ruling relator brings this action here.

Other proceedings are recited in relator's petition which are not pertinent to the issue here presented, hence they are not discussed.

Respondents, in their answer to the alternative writ, assert that: (1) because relator sought and was granted a change of judge on December 20, 1950, in the original proceeding, he is not entitled to one in this action;[1] (2) because the statute[2] provides that an application for discharge, under its provisions, shall be filed "in the Court from which" such applicant was committed, it shall be heard by the judge who ordered the commitment; and (3) an application for discharge under §9-1705, *supra,* is not a separate action, but is ancillary to the criminal proceeding in which the commitment was ordered.

In order to fully understand respondents' position herein, it is necessary to recite certain events which occurred subsequent to relator's indictment.

Relator was indicted on November 15, 1950, and on December 20, 1950, filed his verified affidavit for a

1. Acts 1937, ch. 290, §3, p. 1338, being §9-1318, Burns 1956 Replacement.
2. Acts 1927, ch. 102, §2, p. 268, being §9-1705, Burns' 1956 Replacement.

change of judge. This request was granted and the Honorable Eugene Fife, Jr. was selected as special judge on December 21, 1950. On May 3, 1951 relator entered a plea of guilty and was sentenced to a term of not less than ten nor more than twenty-five years in prison.

On June 16, 1953, relator filed a verified petition for writ of error *coram nobis* which was heard by respondent, Honorable Saul I. Rabb, and granted on February 13, 1954. Relator was granted a new trial and was tried by jury in September of 1954, and found not guilty by reason of insanity at the time of the commission of the alleged crime.

We do not concur in respondents' position here for the following reasons.

In our opinion an application for discharge under §9-1705, *supra,* is not ancillary to the action in which the applicant was committed, but is a new and separate action specifically provided by statute.[3]

The judgment by which relator was committed was a final judgment in the retrial proceeding, which disposed of the entire issues then before the court. The fact that relator filed his application for discharge under the same cause number as the *coram nobis* action does not make the proceedings for discharge ancillary to the original criminal action, nor does it detract from its status as a separate action.

Section 9-1705, *supra,* contemplates that there will be adverse parties in a proceeding for restoration of sanity, and that a trial by the court will be required to determine the issue. In an action for discharge under §9-1705, *supra,* the court acts judicially. Such an action is a statutory proceeding, which is civil in nature, and it is not triable by a jury.

3. Acts 1927, ch. 102, §2, p. 268, being §9-1705, Burns' 1956 Replacement.

We believe such a proceeding comes clearly within the provisions of Acts 1929, ch. 6, §1, p. 12, being §2-1402, Burns' 1946 Replacement, which provides that when a matter of a statutory nature not triable by a jury is pending, the judge before whom the cause is pending shall grant a change of venue from the judge upon the application of either party to such cause, and relator is, therefore, entitled to a change of judge.

Cf:

*State ex rel. Lukemeyer* v. *Sumner, Judge* (1933), 205 Ind. 73, 185 N. E. 818; *State ex rel. Van Horne* v. *Sullivan* (1934), 206 Ind. 304, 188 N. E. 672; *State ex rel. Allen* v. *Fayette Circuit Court* (1948), 226 Ind. 432, 81 N. E. 2d 683; *Dowd* v. *Harmon* (1951), 229 Ind. 254, 96 N. E. 2d 902; *State ex rel. Botkin, etc.* v. *Leffler, Judge, etc.* (1953), 232 Ind. 541, 114 N. E. 2d 804; *State ex rel. Bryant, et al.* v. *Warrick, C. C.* (1953), 232 Ind. 655, 115 N. E. 2d 742; *State ex rel. Hobbs* v. *Claycombe, Judge, etc. et al.* (1954), 233 Ind. 247, 118 N. E. 2d 489; *State ex rel. Beckham, Sr.* v. *Vanderburgh Cir. Ct.* (1954), 233 Ind. 368, 119 N. E. 2d 713.

For these reasons the alternative writ of mandate heretofore issued is hereby made absolute.

NOTE—Reported in 139 N. E. 2d 891.