Jerome E. DOELLE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19692.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1962.

Euel A. Screws, Jr., Montgomery, Ala.,
for appellant.

Ben Hardeman, U. S. Atty., J. C. Sentell, Asst. U. S. Atty., Montgomery, Ala.,
for appellee.

Before RIVES, JONES and BELL,
Circuit Judges.

PER CURIAM.

This appeal is from a judgment of conviction for violation of the National Motor Vehicle Theft Act, Title 18 U.S.C.A. §§ 2312 and 2313, entered on a jury verdict.

■ The listing of a number of aliases in the indictment coupled with a complete absence of proof of any use of the aliases, while not to be commended, was not prejudicial error under the circumstances of this case in view of the admonishments of the jury by the court that no inference adverse to appellant was to be drawn therefrom. The aliases consisted of combinations of the name of appellant plus one nickname in lieu of his given name. The cases cited by appellant to the contrary are inapposite, although United States v. Monroe, 2 Cir., 1947, 164 F.2d 471 teaches that any prejudice arising from the use of an alias, as there, may be cured by instruction.

The record does not bear out the claim of prejudicial argument on the part of the prosecutor. Furthermore, there was no objection to the argument. Sikes v. United States, 5 Cir., 1960, 279 F.2d 561.

■ The denial by the court of the request of appellant for a handwriting expert to testify in his behalf was not an abuse of discretion in view of the limitation placed on the evidence sought to be attacked through the use of the expert. This too was a discretionary matter for the trial judge. Reistroffer v. United States, 8 Cir., 1958, 258 F.2d 379.

■ Appellant lost his case before the jury. The verdict was amply supported. No prejudicial error appearing we must and do

· Affirm.