HENSLEY *v.* STATE OF INDIANA.

[No. 667S12. Filed February 12, 1969. Rehearing denied April 21, 1969.]

*Louis R. Feinn,* of Chicago, Illinois, for appellant.

*John J. Dillon,* Attorney General, *James H. Voyles,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged in the city court of Michigan City with the offense of driving "while under the influence of liquor." He was found guilty and took an appeal to the LaPorte Superior Court, Room 1, where he was found guilty and fined $25.00 and costs and his driver's license was suspended for a period of ninety days. Appellant's argument is centered on the wording in the original affidavit filed by the arresting officer. The affidavit charged the appellant with "Driving under influence of liquor in violation of Section 47-

2001 (b) of the State Statute . . ." Appellant contends that the affidavit failed to state a public offense under the Criminal Code by reason of the omission of the word "intoxicating."

In the Superior Court the state was permitted to amend the affidavit by adding the word "intoxicating" liquor therein, using the words of the statute. The appellant refused to plead to the amended affidavit and the trial court entered a plea of not guilty by reason of him standing mute.

"Appeals" from justice of peace courts and city courts to the circuit or superior courts have been recognized as not strictly appeals or a review of the proceedings before the lower courts. They are, in fact, a trial *de novo*. *State* v. *Schelton* (1933), 205 Ind. 416, 186 N. E. 772; *Sabo* v. *State* (1926), 197 Ind. 210, 150 N. E. 103; *Harlan* v. *State* (1921), 190 Ind. 322, 130 N. E. 413; 22 C.J.S., *Criminal Law* § 403 (1), p. 1084; Burns' Ind. Stat. Anno. § 4-6105.

In *Britton* v. *Fox et al.* (1872), 39 Ind. 369, this court said:

". . . The appeal from the judgment of the justice of the peace had the effect to vacate the judgment, and brought the case into the circuit court for re-trial, as if it had not been before tried."

Therefore, when the appellant appealed his conviction from the city court to the superior court, it became a *de novo* matter trial. The affidavit could be amended by the state under the general rule that when the accused is to be tried *de novo*, the complaint, affidavit, or warrant used before the justice may be filed in the court to which the appeal is taken without the consent of the justice before whom the original proceedings were had, and at any time before the case is submitted to the jury and in some cases even after the verdict. 22 C. J. S., *Criminal Law* § 403 (3), pp. 1091-1092.

The state contends an amendment made to the affidavit in the superior court was merely a matter of form and not sub-

stance. The statutes of the state permit such amendments. Burns' Ind. Stat. Anno. § 9-1124 states:

"The affidavit may be amended in matter of substance or form at any time before the defendant pleads. . . ."

and Burns' Ind. Stat. Anno. § 9-1133 provides:

"The court may at any time before, during or after the trial amend the indictment or affidavit in respect to any defect, imperfection or omission in form, provided no change is made in the name or identity of the defendant or defendants or of the crime sought to be charged."

In the case before us no change was made in the crime charged nor do we believe the defendant was in any way surprised or placed at a disadvantage when the court permitted the insertion of the word "intoxicating" in the wording of the charge. The defendant can show no prejudicial error in that respect. This Court has stated:

"The rule as to whether an amendment is as to substance or form can be stated thus: If the defense under the affidavit as it originally stood would be equally available after the amendment is made, and if any evidence the accused might have would be equally applicable to the affidavit in the one form as in the other, then the amendment is one of form and not substance." *State ex rel. Kaufman* v. *Gould* (1951), 229 Ind. 288, 291, 98 N. E. 2d 184; 42 C. J. S., *Indictments and Information,* § 240, p. 1250.

The amendment did not prevent the appellant from using the same defense which he would have used in the original charge. In *Malone* v. *State* (1913), 179 Ind. 184, 100 N. E. 567 it was held that in a conviction before a justice of the peace, followed by an appeal to the circuit court, the subsequent filing of an amended affidavit in the circuit court was proper, even though the affidavit was made by the prosecuting attorney instead of the one who originally signed the affidavit.

In the case before us the officer who signed the original affidavit also signed the amended affidavit. In the *Malone* case it was said:

". . . The appeal, in fact, is more than a stay of the judgment . . . and transfers the whole proceeding to the court appealed to, there to be tried, upon the original affidavit, it is true, unless amended, *de novo.*"

It appears to us that the amendment was only in form and not in substance and the appellant cannot complain of a second arraignment upon the amended affidavit. In fact, he fails to show in what way he was prejudiced by such subsequent arraignment. He refused to plead thereto, and the court entered a plea of not guilty because of his silence.

It is next contended by the appellant that his constitutional rights were violated by the officer when he was arrested. The evidence shows that the officer, about 4:00 p.m. on August 2, 1966, observed the appellant driving on a U. S. highway. He testified that the appellant's automobile was weaving off the road onto the berm and going back onto the road and going into the inner lane, or what is known as the passing lane. When appellant pulled into a filling station, the officer also pulled into the filling station and asked the appellant for his driver's license and registration card. He smelled the odor of intoxicating liquor upon appellant's breath and asked him if he had been drinking. The appellant said he had had a beer or two. He asked the appellant to get out of the car and walk. The officer testified that he noticed the appellant swaying and staggering at that time, and that he had to help him into the police car. The appellant was taken to the police station and he was asked if he would take a drunkometer test. To this he agreed. The officer who administered the test testified that he once more asked him if he would like to take the test and told him he did not have to take it, and he stated "yes," he wanted to take it. The officer, on cross-examination, was asked if he told the appellant that

he had a right to refuse to take the test, and the answer was "I certainly did." He also stated that he told the appellant it could be used against him. The officer testified that the drunkometer test showed the appellant was under the influence of intoxicating liquor. Since the appellant consented to take the test and was told of his right to refuse, he may not thereafter object to the evidence of the test.

"Where the question of admissibility of a drunkometer test has arisen before a court, it has generally turned upon the point as to whether or not it was submitted to voluntarily. We have held that when the evidence discloses that the accused freely and voluntarily consented to the test, it was admissible. *Ray* v. *State* (1954), 233 Ind. 495, 120 N. E. 2d 176, 121 N. E. 2d 732; *Willennar* v. *State* (1950), 228 Ind. 248, 91 N. E. 2d 178; *Spitler* v. *State* (1943), 221 Ind. 107, 46 N. E. 2d 591;" *Alldredge* v. *State* (1959), 239 Ind. 256, 263, 156 N. E. 2d 888.

It appears to us from this evidence that the appellant was accorded his constitutional rights. The police officer, in performing his duty and in protecting other individuals using the highways from the dangers of a drunken driver, had no choice but to arrest the appellant under the circumstances and take him off the highway. To do this the officer had to make an investigation as to whether or not the appellant was actually intoxicated and what was the cause of his weaving from one side to the other. The question of whether or not the appellant was under the influence of intoxicating liquor was for the trier of the facts and not for this appellate court. There was sufficient evidence to sustain such finding. *Burris* v. *State* (1941), 218 Ind. 601, 34 N. E. 2d 928.

It is argued further that it was error for the state to bring out in the evidence that while appellant was speeding at 55 miles an hour and weaving while going down the road, he threw out an empty cardboard carton which usually holds 6 cans of beer. It is argued that this is evidence of another crime of which he was acquitted (littering highway). Regardless of whether it is evidence of another crime,

it was material and relevant to the charge of intoxication in this case. The mere fact that a defendant may commit multiple crimes at the same time and be acquitted of one of them does not guarantee him the right to exclude relevant evidence in the prosecution of any one of the crimes, if it goes to prove the commission of the crime charged. *Zimmerman* v. *State* (1921), 190 Ind. 537, 130 N. E. 235.

Finally it is argued that it was improper on cross-examinaation to ask the appellant if he had ever been arrested previously for traffic violations or whether his license had been suspended. There is no question before us upon such issue, since the appellant failed to make any objections at the time to the questions asked and did not save them for any appeal to this Court. A party may not sit idly by and permit the court to act in a claimed erroneous matter and then attempt to take advantage of the alleged error at a later time. Objections must be made timely so that they may be promptly corrected by the trial court. *Tyler* v. *State* (1968), 250 Ind. 419, 236 N. E. 2d 815; *Reid* v. *State* (1967), 249 Ind. 247, 231 N. E. 2d 808.

The judgment of the trial court is affirmed.

DeBruler, C. J., and Hunter and Givan, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 244 N. E. 2d 225.