DENNIS J. SCOTT *v.* STATE OF INDIANA.

[No. 1271S391. Filed February 13, 1973.]

*Charles F. Crutchfield, David A. Butterfield, Norma J. Fleming,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from the final order of the Juvenile Court following a hearing to revoke probation of appellant, a fourteen year old boy, who had previously been committed to the Indiana Boys' School.

A hearing had been held on October 28, 1969, during which it was admitted that appellant had burglarized Club 313 in South Bend, Indiana. At that time the court entered the following order:

"The Court now finds said child to be a delinquent child and is made a ward of this Court and he is ordered committed to the Indiana Boys School for an indefinite term; the commitment, however, is suspended and said child is placed on strict indefinite probation with instructions of this

Court to the Probation Department to seek immediately placement in a restricted institution for said child.

"And now the Court orders said child released to the custody of his mother."

On August 21, 1971, appellant violated his probation by participating in a burglary at the residence of Tena Seafer in South Bend, Indiana.

The court conducted a hearing concerning this violation of probation. In addition to overwhelming evidence against the appellant at this hearing, the appellant admitted that he had broken into the house and taken property belonging to the resident. The appellant made no objection to officers testifying at the hearing concerning the results of questioning of the appellant. However, when the state rested, appellant moved for a dismissal on the ground that he did not receive his *Miranda* warnings by the officers prior to their interrogation.

Appellant claims the Juvenile Court erred in overruling his motion stating the following grounds:

1. The minor's interrogation by police officers was in violation of his constitutional rights under the Fifth and Fourteenth Amendments to the Constitution of the United States.

2. The Appellant did not voluntarily, knowingly, or intelligently waive his rights to assistance of counsel and to remain silent.

3. Statements elicited from the juvenile as the result of an involuntary, unknowing, and unintelligent waiver of rights should have been excluded by the juvenile court.

Appellant also argues that the decision of the Juvenile Court was contrary to law. He, therefore, takes the position that the entire proceedings should be set aside as void.

Appellant's entire argument is based upon testimony to which he did not object at the hearing, even though represented by counsel at that time. By failure to make proper and timely objection, the appellant has waived any question

as to the issues which might have been raised. As this Court stated in *Hensley* v. *State* (1969), 251 Ind. 633, 639, 244 N. E. 2d 225, 228, 16 Ind. Dec. 479, 483:

> "A party may not sit idly by and permit the court to act in a claimed erroneous manner and then attempt to take advantage of the alleged error at a later time. Objections must be made timely so that they may be promptly corrected by the trial court."

Even if we were to hold that the appellant did not waive his right to object to such evidence in this case, a search of this record discloses that any error in that regard would have been harmless. In *Dickerson* v. *State* (1972), 257 Ind. 562, 276 N. E. 2d 845, 851, 28 Ind. Dec. 658, 667, this Court stated:

> "Furthermore, if we disregard completely the testimony of Officer Brunkhart, all of the State's evidence clearly and convincingly indicates that a crime had been committed by the appellant, and this Court holds that the erroneous admission of appellant's statements constituted harmless error as those statements could not have in any way contributed to the guilty verdict reached by the jury. See *Chapman* v. *California, supra.*"

In the case at bar, there was testimony from two other persons, an accomplice and a boy to whom appellant admitted breaking into the house, who testified that appellant was involved in the burglary.

We hold the trial court did not err in revoking appellant's probation and committing him to the Indiana Boys' School.

The judgment is affirmed.

Arterburn, C.J., Hunter and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported in 292 N. E. 2d 252.