WILBERT W. MOORE *v.* STATE OF INDIANA.

[No. 3-1072A78. Filed July 10, 1973.]

*Robert R. Garrett,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HOFFMAN, C.J.—Defendant-appellant Wilbert W. Moore was charged by affidavit with the crime of robbery. Moore was tried by a jury which returned its verdict finding him guilty of theft of property of $100 or more in value. Judgment was entered upon the verdict of the jury and defendant-Moore was sentenced to the Indiana State Reformatory for a period of not less than one year nor more than ten years. The timely motion to correct errors filed by Moore was overruled and this appeal followed.

On appeal appellant first alleges error in the failure of the trial court to strike an alias from the charging affidavit.

It has been held erroneous to inform the jury that defendant has been known by aliases if such information is not necessary to identify the defendant nor necessary to show an element of the crime. *State* v. *Randall* (1968), 8 Ariz. App. 72, 443 P. 2d 434.

Some courts, while disapproving of the unnecessary use of aliases, have stated that prejudice must be shown before reversal is warranted. *United States* v. *Wilkerson* (6th Cir.

1972), 456 F. 2d 57 (Cert. denied, 408 U.S. 926); *United States* v. *Holmes* (7th Cir. 1971), 452 F. 2d 249 (Cert. denied, 405 U.S. 1016, 92 S. Ct. 1291). Other courts have found that the loading of indictments with unnecessary aliases is inherently prejudicial, *United States* v. *Monroe* (2d Cir. 1947), 164 F. 2d 471, (Cert. denied, 333 U.S. 828, 68 S. Ct. 452); that a string of aliases may carry an implication of criminality, *D'Allessandro* v. *United States* (3d Cir. 1937), 90 F. 2d 640; or that where an alias was not connected with the defendant the jury would be presumed to have prejudged the case, *State* v. *Smith* (1960), 55 Wash. 2d 482, 348 P. 2d 417.

It has been generally agreed, however, that any prejudice resulting even from an unproved list of aliases is cured by proper instruction. *United States* v. *Monroe, supra; Doelle* v. *United States* (5th Cir. 1962), 309 F. 2d 396; *United States* v. *Valenti* (W. D. Pa. 1947), 74 F. Supp. 718; *Commonwealth* v. *Neuman* (1943), 151 Pa. Super. 642, 30 A.2d 698.

In the instant case defendant was named in the charging affidavit as "Wilbert Moore a/k/a Wilbert Ward." Both names were explained by Moore's mother at trial, on direct examination, as follows:

"Q. Willie Ward is your son?

"A. He is my son.

"Q. How is it that Wilbert Moore is being called Wilbert Ward?

"A. At the time, I was young and the name was Moore, because I was unwed, that was my name, and paternityship was established and I have two (2) birth certificates, one by my maiden name and the one was his legal name.

"Q. What is his father's last name?

"A. Ward."

It is not difficult to conceive a situation wherein the unnecessary, or excessive, or unproved use of aliases would

create a connotation of criminality sufficient to thwart the fairness of the trial. This is not such a case. The use of the alias "a/k/a Wilbert Ward" was not excessive; only the single alias was used, not a whole string. And, the testimony of defendant's mother not only explained the use of the alias, but was sufficient to obviate any prejudice flowing therefrom. We find no prejudicial error.

Moore next contends that the trial court erred in admitting into evidence the following testimony of Randolph Scott, a witness for the State:

"Q. Directing your attention to July 22nd, 1971, that was on a Thursday, of this summer, were you a member of any club?

"A. Yes, sir.

"Q. What club was that?

"A. The Black P-Stone Nation.
        *   *   *

"Q. Who was the leader of that club, Randolph?

"A. Wilbert Moore.
        *   *   *

"Q. Indicating the Defendant, Wilbert Moore. Now, directing your attention to the morning on that day, did you have an occasion to be at a gang meeting?

"A. Yes, sir.

"Q. Where was that held?

"A. Upstairs at Mr. Darby's house.
        *   *   *

"Q. Was Wilbert Moore at the meeting?

"A. Yes, sir.
        *   *   *

"Q. Who was the leader of the meeting?

"A. Wilbert.

"Q. What was the meeting about?

"A. There was a plan to rob a post office and check out something about . . .
        *   *   *

"Q. Other than what you have referred to, Randolph, was there anything else discussed at that meeting?

"A. There was a plan to rob Gross' store."

In *Woods* v. *State* (1968), 250 Ind. 132, at 143, 235 N.E.2d 479, at 486, it was stated:

"The general rule in Indiana is that evidence of separate, independent and distinct crimes is inadmissible to establish ▪ the defendant's guilt of the crime charged except to show intent, motive, purpose, identification, or a common scheme or plan."

Also, evidence which is relevant to prove the crime charged is admissible even though it may prove another, unrelated crime. *Hamp* v. *State* (1973), 156 Ind. App. 104, ▪ 294 N.E.2d 817, *Hensley* v. *State* (1969), 251 Ind. 633, 244 N.E.2d 225.

Here, there was no error in admitting the above quoted testimony into evidence.

Moore finally contends that the following testimony of Robert Cash, a witness for the State, was improperly admitted into evidence:

"Q. How did you know it was Defendant?

"A. From mug files at the Police Station."

In the instant situation, the "mug shot" itself would have been clearly inadmissible. See: *Blue* v. *State* (1968), 250 Ind. 249, 235 N.E.2d 471. Such pictures are subject to the same exclusionary rules as other evidence. They must be relevant to the issues presented and not unduly prejudicial. *Blue* v. *State, supra.*

However, the exclusionary rule of *Blue* pertaining to the admission of "mug shots" into evidence has not been extended to the mere mention of the term. In *Angel* v. *State* (1973), 155 Ind. App. 242, 292 N.E.2d 268, at 273, it is stated:

"*Blue, supra* [(1968), 250 Ind. 249, 235 N.E.2d 471] held that the introduction of 'mug shots' into evidence in this context was error, but the court did not hold that

the mere mention of the term 'mug shots' was error. In our opinion, the term 'mug shots' is not a word of art. The mere mention of the term would not be prejudicial in the case at bar."

In the instant case, we cannot find that the single, passing reference, taken in context with the remainder of the evidence contained in the record before us, was prejudicial to defendant.

No reversible error having been shown the judgment of the trial court convicting defendant-Wilbert Moore is affirmed.

Affirmed.

Lowdermilk and Sharp, JJ., concur.

NOTE.—Reported at 298 N.E.2d 17.