STATE OF INDIANA EX REL. ALFONSO RODRIGUEZ *v*.
GRANT CIRCUIT COURT AND HONORABLE MORRIS A.
HALL, PRESIDING JUDGE OF THE GRANT CIRCUIT COURT

[No. 973S187. Filed April 10, 1974.]

*Robert Graves, Glickfield and Graves,* of Marion, for relator.

DEBRULER, J.—Following his conviction for the offenses of resisting arrest and disorderly conduct in the Marion City Court, relator appealed to the Grant Circuit Court. In the Grant Circuit Court he filed a motion for change of venue from the judge and a motion for jury trial. Both motions were denied by the respondent circuit court. Relator then instituted this original action for an order commanding the respondent court to grant the change of judge and to afford a trial by jury.

We issued a temporary writ of mandate. Respondent has filed a verified return with accompanying brief.

In the case before us, following the appointment of a special judge on motion of the defendant, the defendant, relator here, stood mute on arraignment before the city court and a plea of not guilty was entered on his behalf. He was then tried by the special judge and convicted. He then perfected his appeal to the Grant Circuit Court pursuant to statute. Indiana Code 1971, 35-1-13-3, being Burns § 9-721, reads in pertinent part as follows:

"Any prisoner, against whom any punishment is adjudged by a justice of the peace, mayor or judge of a city court, municipal court or magistrates court, may appeal to the criminal court, and, if there be none, then to the circuit court of the county, within thirty days after such judgment."

The proper procedure for appealing the judgment of the city court is not in issue. The questions presented are whether the relator on appeal to the circuit court following a trial and conviction in the city court is entitled to a change of judge after having moved for and been granted a change of judge in the city court, and whether or not the relator's motion for change of judge was timely filed in the circuit court, and whether the relator is entitled to a jury trial on his appeal to the circuit court after having received a court trial in the city court.

It is respondent's position, taken in the verified return, that the time for filing a change of judge in an appeal to the circuit court is governed by subparagraph 5 of TR. 76:

"Provided further, when a new trial is granted, whether the result of an appeal or not, the parties thereto shall have ten days from the date the order granting the new trial is entered on the record of the trial court."

The record shows that relator filed motion to appeal in the city court on May 3, 1973; on May 9, 1973, the city court received the appeal bond and on May 10, 1973, sent the cause to the respondent circuit court for docketing. On May 14, 1973, the transcript of the proceedings was noted filed and docketed on the records of the respondent circuit court. On May 24, 1973, relator's motion for change of judge was filed. Respondent contends that the ten day period for filing provided for in TR. 76 above began to run on May 10, 1973, being the "last entry" in the city court; and that such ten day period would have expired by May 24, 1973. In our opinion TR. 76(5) has no application to the case at bar. In the first place it is CR. 12, which governs the procedure for taking a change of venue from the judge in criminal cases, such as this, and not TR. 76. Secondly, the order of the city court sending the transcript to the circuit court on appeal does not grant a new trial within the meaning of this phrase in rule or statute. The right here being exercised by relator is the right of appeal granted by statute. Burns § 9-721, *supra*.

The time provision of CR. 12, which relates to this issue, states:

"An application for a change of judge or change of venue from the county shall be filed within ten days after a plea of not guilty, or if a date less than ten days from the date of said plea, the case is set for trial, the application shall be filed within five days after setting the case for trial. Provided, that where a cause is remanded for a new trial by the Supreme Court, such application must be filed not later than ten days after the party has knowledge that the cause is ready to be set for trial."

None of the above provisions specifically apply to an appeal

proceeding such as the one before us. The provision which should apply is that which fits the procedural pattern followed in the new court. Where as here, no new plea was required, the most appropriate provision which we hold applicable here, is that which governs a case remanded by the Supreme Court or Court of Appeals for new trial. Here, the motion having been filed less than ten days after the case was received by the circuit court, it was clearly not filed more than ten days after relator had knowledge that his case was ready for trial in the circuit court.

Respondent next claims that he merely enforced the following limitation of CR. 12, when he denied the motion for change of venue from judge since relator had previously been granted one change of venue from judge in the city court.

"Provided, however, that the state of Indiana or the defendant shall be entitled to only one change from the judge and the defendant shall be entitled to only one change from the county."

He also contends that relator is not entitled to a trial by jury, since relator submitted to the court trial in the city court without objection and that such submission without objection constituted a waiver of the right to trial by jury on appeal to the circuit court. It is our judgment that the above section of CR. 12 does not serve to authorize the denial of relator's motion for change of venue from judge, nor does relator's submission to court trial in the city court have any legal effect upon his right to trial by jury on appeal to the circuit court. A case on appeal to a circuit court from a city court conviction which followed a plea of not guilty and a trial and judgment of conviction there, is indistinguishable for the purpose of affording a change of judge or trial by jury from a criminal cause first instituted in such higher trial court and for affording such substantial rights should be treated the same. The "appeal" granted by Burns § 9-721, *supra,* clearly carries with it the right to a *trial* when applied to the case before us, concluding in a com-

pletely new adjudication of guilt or innocence by the "appeal" trial court. Such trial and adjudication is independent of the city court adjudication. It is a trial *de novo*. In *Hensley* v. *State* (1969), 251 Ind. 633, 244 N. E. 2d 225, we described the "appeal" as follows:

> " 'Appeals' from justice of peace courts and city courts to the circuit or superior courts have been recognized as not strictly appeals or a review of the proceedings before the lower courts. They are, in fact, a trial *de novo*. *State* v. *Schelton* (1933), 205 Ind. 416, 186 N. E. 772; *Sabo* v. *State* (1926), 197 Ind. 210, 150 N. E. 103; *Harlan* v. *State* (1921), 190 Ind. 322, 130 N. E. 413; 22 C. J. S. *Criminal Law* § 403 (1), p. 1084; Burns' Ind. Stat. Anno. § 4-6105.
>
> "In *Britton* v. *Fox et al.* (1872), 39 Ind. 369, this court said:
>
> > '. . . The appeal from the judgment of the justice of the peace had the effect to vacate the judgment, and brought the case into the circuit court for re-trial, as if it had not been before tried.'
>
> "Therefore, when the appellant appealed his conviction from the city to the superior court, it became a *de novo* matter for trial." 251 Ind. at 635.

In describing the extent of the protections afforded a criminal defendant convicted in justice of the peace court by an appeal to the circuit court, a proceeding which is the legal equivalent of this appeal from the city court, we have said:

> "He [defendant convicted of criminal offense in justice court] is safeguarded on every hand. If convicted either by the justice or jury, he has the right to an appeal to the circuit court and there try his case *de novo* either before the judge or jury." *State* v. *Schelton* (1933), 205 Ind. 416, 424.

The appeal is to be disposed of by the circuit court *de novo* and as other criminal cases are disposed of. *Wiseheart* v. *State* (1886), 104 Ind. 407, 4 N. E. 156; *State* v. *Schelton, supra.*

Since the trial in city court and the trial in the circuit court, are separate, distinct, and *de novo*, and take place in different trial courts before different judges, the right to a change of judge and the right to have trial by jury

should and do exist in the parties to their full extent in both court proceedings. Where, as here, the determination of guilt or innocence is to be freshly determined, in a new court *de novo,* the interests of the defendant or the State in obtaining an impartial tribunal and in jury trial are resurrected and exist to the same extent as they would if the case were first originated in the circuit court. We have heretofore held that the limitations upon the number of changes of judge, now contained in CR. 12, should not apply in separate and distinct cases. *State ex rel. Meloy* v. *Barger* (1949), 227 Ind. 678, 88 N. E. 2d 392; *State ex rel. Boeldt* v. *Crim. Ct. Marion Co., Rabb, J.* (1956), 236 Ind. 290, 139 N. E. 2d 891. And this is so even though the issues to be tried in the two cases are identical. Applying this reasoning here, we can only conclude that upon his appeal to the circuit court in this case, relator was entitled to the change of judge he requested and also to a trial by jury.

The temporary writ is therefore made permanent.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 309 N. E. 2d 145.