**David Michael SCOTT, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 681S167.**

Supreme Court of Indiana.

Oct. 20, 1981.

 

Charles F. Leonard, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, David Michael Scott, was convicted by a jury of unlawful deviate conduct, a class A felony. Ind. Code § 35–42–4–2 (Burns 1979 Repl.). He was sentenced to a period of thirty years in the Indiana Department of Correction. In his direct appeal, he presents the following issues for our review:

1. Whether the trial court erred when it refused to grant his mistrial based on the prosecutor's reference to defendant's photograph in police "mug shot" files; and

2. Whether the evidence was sufficient to sustain the jury's conclusion that a "deadly weapon" was employed in the commission of the offense.

The record reveals that on February 4, 1980, the victim (M. R.) was forced at gunpoint to commit fellatio upon the driver of an automobile who accosted her on her way to Central High School in Fort Wayne, Indiana. According to the victim's testimony regarding the events at issue, a car pulled alongside her and the driver requested she get in his car. When she turned toward the car, she observed a handgun pointed at her; fearful for her safety, she climbed in the automobile. The driver then took her to an alley, where, at gunpoint, he forced her to commit fellatio. He then permitted the victim to leave the automobile; approximately ten minutes had transpired from the time when she was originally accosted.

Two or three days later, accompanied by her boyfriend, the victim returned to the general vicinity where the crime had occurred. While perusing the area, the victim again saw the silver automobile in which the perpetrator had forced her to commit the sexual act. She recorded the license plate number and reported it to the Fort

Wayne Police Department. Ownership of the automobile was traced to defendant's girlfriend; the subsequent police investigation culminated in defendant's arrest and conviction for the offense at issue.

## I.

Defendant maintains the trial court erred when it refused to grant his motion for mistrial, which was based on the prosecutor's reference to "mug shots" which had been viewed by the victim during the investigatory process. He maintains the verbal reference prejudiced his ability to obtain a fair trial by raising the inference he had a history of criminal activity.

In response, the state relies on *Moore v. State*, (1973) 156 Ind.App. 687, 298 N.E.2d 17, and *Angel v. State*, (1973) 155 Ind.App. 242, 292 N.E.2d 268, for the proposition that the term "mug shots" is not a "word of art" and consequently may be employed in a criminal trial. The state's reliance is misplaced; in both *Moore* and *Angel* the courts merely held that use of the term "mug shots" was harmless error in the contexts present there.

Our courts have repeatedly held that verbal references to "mug shots" are generally proscribed, just as the "mug shot" photographs are also generally inadmissible. *Richey v. State*, (1981) Ind., 426 N.E.2d 359; *Blue v. State*, (1968) 250 Ind. 249, 235 N.E.2d 471; *Fox v. State*, (1980) Ind.App., 399 N.E.2d 827; cf., *Gray v. State*, (1978) 268 Ind. 177, 374 N.E.2d 518 (photographs admissible if independent probative value established and prejudicial effect minimized). The reason behind the concomitant proscriptions was explained by Judge Chipman in *Fox v. State, supra*:

> "The indiscreet use of or reference to police 'mug files' has been discouraged by our courts for over four decades. The rationale is plain: improper use of these police photographs may be sufficient to cause a juror of average intelligence to strongly suspect the defendant has a criminal record." *Fox v. State, supra*, at 829.

In both *Blue v. State, supra*, and *Vaughn v. State*, (1939) 215 Ind. 142, 19 N.E.2d 239, this Court reversed convictions based on the prejudicial effect which followed from the improper use of "mug shots."

Here, the record reveals that subsequent to defendant's motion for mistrial, the defendant stipulated to the admission of the eleven "mug shots" from which the victim had identified him. The photographs included frontal and side views, as well as inscriptions revealing dates, identification numbers, and their common source, "Ft. Wayne Police."

■ While the stipulation served the purposes of a trial tactic, the impeachment of the victim, it also undermines defendant's contention here. The verbal references to "mug shots" cannot be said to have prejudiced defendant or placed him in "grave peril" in light of the admission of the photographs, complete with all the attributes of "mug shots" as classically defined. It cannot be said the trial court abused its discretion when it refused to grant defendant's motion for a mistrial. *Garcia v. State*, (1980) Ind., 400 N.E.2d 119; *Page v. State*, (1979) Ind., 395 N.E.2d 235.

## II.

Defendant maintains the evidence was insufficient to support his conviction for unlawful deviate conduct as a class A felony. He specifically argues that there was insufficient evidence to show that a deadly weapon or deadly force was employed in the commission of the offense, as is required to elevate it to a felony of class A status. Ind. Code § 35-42-4-2, *supra*. In support of his contention, he points to the conflicting descriptions of the handgun's color which were provided by the victim.

■ Defendant's argument strikes directly at the credibility of the victim's testimony, a matter which, with rare exceptions, this Court is not at liberty to judge. *Rodgers v. State*, (1981) Ind., 422 N.E.2d 1211; *Rosell v. State*, (1976) 265 Ind. 173, 352 N.E.2d 750. Here, the victim's testimony embodies neither the "incredible dubiosity" present in *Gaddis v. State*, (1969) 253 Ind.

73, 251 N.E.2d 658, or the "inherently improbable" nature found in *Penn v. State*, (1957) 237 Ind. 374, 146 N.E.2d 240, which would warrant its exclusion from our review of the evidence. Consequently, the victim's credibility was solely a matter for the jury's determination. *Rodgers v. State, supra.*

 Pursuant to our standard of review, which requires us to examine the evidence and inferences therefrom most favorable to the jury's determination, we cannot say the evidence was not sufficient to support the conclusion that a deadly weapon was employed in the commission of the offense. *Rodgers v. State, supra; Wollam v. State*, (1978) 269 Ind. 286, 380 N.E.2d 82.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court must be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.