**Orlando Lee BAILEY, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 84–1705.

District of Columbia Court of Appeals.

Submitted June 20, 1988.

Decided July 21, 1988.

Martin Krubit, appointed by this court, was on the brief, for appellant.

Joseph E. diGenova, U.S. Atty. at the time the briefs were filed, Michael W. Farrell, Mary Ellen Abrecht, Linda Turner Hamilton, and Kathryn A. Myerscough, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before MACK, NEWMAN and ROGERS, Associate Judges.

PER CURIAM:

Appellant Orlando Lee Bailey appeals from his convictions of distributing phencyclidine (PCP) and cannabis, D.C.Code § 33–541(a)(1) (1987 Supp.), on the ground that the trial court erred in denying his motion to strike his alias from the indictment. We affirm.

Although courts generally disfavor inclusion of an alias in an indictment, there is a recognized exception where the alias is relevant to identification of the defendant. *See, e.g., United States v. Satterfield,* 743 F.2d 827, 847–48 (11th Cir. 1984), *cert. denied,* 471 U.S. 1117, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985); *Petrilli v. United States,* 129 F.2d 101, 104 (8th Cir.), *cert. denied,* 317 U.S. 657, 63 S.Ct. 55, 87 L.Ed. 528 (1942); *United States v. Vastola,* 670 F.Supp. 1244, 1256 (D.N.J.1987); *United States v. Payden,* 613 F.Supp. 800, 823–24 (S.D.N.Y.1985) (admission of alias permissible if relevant to charge, no matter how prejudicial). *See also* Super.Ct. Crim.R. 7(d). Because appellant said his name was Orlando Bell when he was arrested following a sale of PCP to an under-

cover police officer, police paperwork and the drug analysis form used that name. To prove that the substance analyzed was that which appellant had sold to the undercover officer, the government introduced the analysis form with the name "Orlando Bell" on it. This was necessary since appellant would not enter into a stipulation. Even the cases cited by appellant, *see, e.g., United States v. Cowden,* 545 F.2d 257, 267–68 (1st Cir.1976), *cert. denied,* 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1977); *United States v. Wilkerson,* 456 F.2d 57, 59 (6th Cir.), *cert. denied,* 408 U.S. 926, 92 S.Ct. 2507, 33 L.Ed.2d 337 (1972), recognize that inclusion of the alias is proper if relevant to the defendant's identification.

We find no basis on which to conclude that the prosecutor took unfair advantage of the use of the alias to argue appellant's consciousness of guilt. Appellant did not object to the testimony referring to his alias. The court instructed the jury that the indictment was not evidence against appellant. *Doelle v. United States,* 309 F.2d 396 (5th Cir.1962) (instruction mitigated prejudice); *United States v. Monroe,* 164 F.2d 471, 477 (2d Cir.1947) (same), *cert. denied,* 333 U.S. 828, 68 S.Ct. 452, 92 L.Ed. 1113 (1948). Accordingly, we find meritless appellant's contention that inclusion of his alias in the indictment denied him a fair trial, and we affirm the judgment.[1]

---

1. Appellant's second contention, that the trial court erred in denying his request for a missing witness instruction and argument with respect to a second undercover police officer, who was in the car while appellant and the other undercover officer negotiated the sale of PCP, but who did not participate therein, is also meritless. *See German v. United States,* 525 A.2d 596, 611 (D.C.), *cert. denied,* — U.S. ——, 108 S.Ct. 331, 98 L.Ed.2d 358 (1987); *Miles v. United States,* 483 A.2d 649, 658 (D.C.1984).