FILED

Mar 11 2019, 6:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



PRO SE APPELLANT

Anthony G. Taylor
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony G. Taylor,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 11, 2019

Court of Appeals Case No.
18A-IF-1475

Appeal from the Hamilton
Superior Court

The Honorable David K. Najjar,
Judge

Trial Court Cause No.
29D05-1702-IF-1451

**Vaidik, Chief Judge.**

# Case Summary

[1] Anthony Taylor was charged with speeding in a work zone, and the case was filed in Carmel City Court. Those events implicated two rights under Indiana

law: (1) the right to a jury trial and (2) the right to a trial de novo in county court if found guilty in city court. Taylor did not request a jury trial in city court and was found guilty by the judge. He did, however, demand a jury trial when he filed his request for a trial de novo with the Hamilton County Clerk of Courts. The Hamilton Superior Court initially scheduled a jury trial but later found Taylor guilty in a bench trial, having determined that Taylor waived his right to a jury in the trial de novo by failing to request a jury trial in city court. We reverse. Our Supreme Court has made clear that a defendant can request a jury for a trial de novo regardless of whether they requested a jury in the city-court proceeding.

# Facts and Procedural History

[2] On October 7, 2016, Taylor was driving on I-69 in Fishers when he was pulled over by an Indiana State Police trooper. The trooper issued Taylor a citation for speeding in a work zone, alleging that the posted speed limit was 50 mph and that Taylor had been driving 64 mph. A few days later, the matter was filed in Carmel City Court, and an initial hearing was set for December 15, 2016. Taylor appeared on that date and entered a denial, and trial was set for February 6, 2017. Taylor never requested a jury trial, and a bench trial was held on the scheduled date. The Carmel City Court judge found in favor of the State and ordered Taylor to pay a $300 fine and $158.50 in court costs.

[3] Under Indiana Trial De Novo Rule 2(B), Taylor had fifteen days to file a request for a trial de novo with the Hamilton County Clerk of Courts. Taylor

did so on or about February 18, 2017, also demanding a jury trial "pursuant to Rule 38 of the Indiana Rules of Trial Procedure." Appellant's App. Vol. II p. 32. In accordance with Trial De Novo Rule 2(F), the city court vacated its judgment against Taylor.[1] In accordance with Trial De Novo Rule 2(E), the Hamilton County Prosecutor's Office filed a new complaint against Taylor.[2] Hamilton Superior Court 6 scheduled a jury trial for May 9, 2017. After Taylor filed a motion for change of judge, the case was sent to Hamilton Superior Court 5, which ultimately rescheduled the jury trial for February 22, 2018.

[4] However, the day before the jury trial was to be held, Superior Court 5 called a hearing at which it announced that Taylor's demand for a jury trial had been untimely and should not have been granted. The court relied on Trial Rule 38(B), which provides, in part:

---

[1] Trial De Novo Rule 2(F)(1) provides:

> Upon the filing of a Request for Trial de novo, the clerk of the circuit court shall promptly send notice of the filing of the Request to the city or town court from which the trial de novo is taken. The city or town court shall within fifteen (15) days of its receipt of the notice vacate its judgment against the defendant and shall send notice of the vacation of the judgment to any agency or entity to which it had sent notice of the prosecution or the judgment. If the defendant paid an infraction or ordinance violation judgment to the city or town court, the city or town court shall send the payment, after deducting city or town court costs, to the clerk of the circuit court.

[2] Trial De Novo Rule 2(E) provides:

> Promptly after the Request for Trial de novo is filed, the clerk of the circuit court shall send notice of the Request to the prosecuting attorney or the municipal counsel with an order from the trial de novo court that the prosecuting attorney or municipal counsel file a duplicate infraction or ordinance complaint and summons with the clerk of the circuit court charging the infraction or ordinance violation as originally filed with the city or town court. Upon receiving the notice of the Request, the prosecutor or municipal counsel shall within fifteen (15) days file the duplicate summons and complaint or, in the prosecutor's or municipal counsel's discretion, notify the clerk in writing that no proceeding will be filed. If the clerk is notified that no proceeding will be filed, the clerk shall bring the case to the attention of the judge who shall issue an order of dismissal.

> Any party may demand a trial by jury of any issue triable of right by a jury by filing with the court and serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than ten (10) days after the first responsive pleading to the complaint, or to a counterclaim, crossclaim or other claim if one properly is pleaded; and if no responsive pleading is filed or required, within ten (10) days after the time such pleading otherwise would have been required.

The court read this rule to mean that if Taylor wanted a jury trial, he should have filed his demand at some point in late 2016, shortly after the original case was filed in Carmel City Court. The court vacated the jury-trial setting, held a bench trial on March 26, 2018, and entered judgment in favor of the State and ordered Taylor to pay a $300 fine and $160.50 in court costs.

[5]   Taylor now appeals.

# Discussion and Decision

[6]   Taylor raises three issues on appeal, but we need only address the first: whether the trial court erred by ruling that his demand for a jury trial was untimely. The parties agree that, because the relevant facts are undisputed, our review of the issue is de novo. *See State v. Norfolk S. Ry. Co.*, 107 N.E.3d 468, 471 (Ind. 2018).

[7]   To begin, there is no dispute that Taylor had a right to a trial de novo following the trial in Carmel City Court. "A city court is not a court of record," Ind. Code § 33-35-5-7(a), and "[a]n appeal from a judgment of a city court may be taken to the circuit, superior, or probate court of the county and tried de novo,"

Ind. Code § 33-35-5-9(a). *See also* Ind. Trial De Novo Rule 2 ("A defendant who has a statutory right to an appeal after a trial for an infraction or ordinance violation in a city or town court may request and shall receive the trial *de novo* as provided in this rule."). Nor is there any dispute that a person charged with speeding in Indiana has a right to a jury trial. *See Cunningham v. State*, 835 N.E.2d 1075 (Ind. Ct. App. 2005), *trans. denied*. The issue is whether Taylor waived his right to a jury trial in his trial de novo by submitting to a bench trial in Carmel City Court. The trial court concluded that he did.

[8] Taylor acknowledges that he did not ask for a jury trial in city court but argues that his right to a trial "de novo" is a right to a fresh start—that "anything regarding the prior proceeding is not relevant." Appellant's Br. p. 15. We agree with Taylor. His position is consistent with a common definition of "trial de novo" as "[a] new trial on the entire case – that is, on both questions of fact and issues of law – conducted as if there had been no trial in the first instance." *Trial de novo*, Black's Law Dictionary (10th ed. 2014). More importantly, his position is consistent with our Supreme Court's precedent in this area.

[9] As long ago as 1872, the Court held that an appeal from a justice-of-the-peace court to a circuit court had the effect of vacating the judgment of the justice of the peace and "brought the case into the circuit court for re-trial, **as if it had not been before tried**." *Britton v. Fox*, 39 Ind. 369 (1872) (emphasis added). A century later, the Court invoked that passage from *Britton* in holding that "'[a]ppeals' from justice of peace courts and city courts to the circuit or superior courts have been recognized as not strictly appeals or a review of the

proceedings before the lower courts. They are, in fact, a trial de novo." *Hensley v. State*, 251 Ind. 633, 635, 244 N.E.2d 225, 226 (1969). *See also State v. Rehborg*, 396 N.E.2d 953, 955 (Ind. Ct. App. 1979) (citing *Hensley* for the proposition that "[a] trial de novo is a trial from the beginning and is a trial had as if no action whatever had been instituted in the lower court"), *reh'g denied*.

[10]  The Court applied these same principles in *State ex rel. Rodriguez v. Grant Circuit Court*, 261 Ind. 642, 309 N.E.2d 145 (1974), which we find to be dispositive of the case before us. Rodriguez was charged with resisting arrest and disorderly conduct in Marion City Court. He did not ask for a jury trial, and the court held a bench trial and found him guilty. Rodriguez then "appealed" to the Grant Circuit Court under Indiana Code section 35-1-13-3 (1971), a predecessor to Section 33-35-5-9. In the circuit court, Rodriguez requested a jury trial. The circuit court denied that request, and Rodriguez sought relief from our Supreme Court by way of an original action against the circuit court. Before the Supreme Court, the circuit court argued that Rodriguez "submitted to a court trial in the city court without objection and that such submission without objection constituted a waiver of the right to trial by jury on appeal to the circuit court." *State ex rel. Rodriguez*, 261 Ind. at 645, 309 N.E.2d at 146-47. Our Supreme Court held that Rodriguez's submission to court trial in the city court did not have "any legal effect upon his right to trial by jury on appeal to the circuit court." *Id.* at 645, 309 N.E.2d at 147. The Court explained:

> A case on appeal to a circuit court from a city court conviction which followed a plea of not guilty and a trial and judgment of

conviction there, is indistinguishable for the purpose of affording
a . . . trial by jury from a criminal cause first instituted in such
higher trial court and for affording such substantial rights should
be treated the same. The "appeal" granted by [statute] clearly
carries with it the right to a trial when applied to the case before
us, concluding in a completely new adjudication of guilt or
innocence by the "appeal" trial court. Such trial and
adjudication is independent of the city court adjudication. It is a
trial de novo.

*Id.* at 645-46, 309 N.E.2d at 147.

[11]     After quoting the foregoing language from *Hensley* and *Britton*, the Court
concluded, "Since the trial in city court and the trial in the circuit court, are
separate, distinct, and de novo, and take place in different trial courts before
different judges," the right to a jury trial exists to its "full extent in both court
proceedings." *Id.* at 646-47, 309 N.E.2d at 147. "Where, as here, the
determination of guilt or innocence is to be freshly determined, in a new court
de novo," the interest of the defendant in jury trial is "resurrected" and exists to
the same extent as it would "if the case were first originated in the circuit
court." *Id.* at 647, 309 N.E.2d at 147. As such, "upon his appeal to the circuit
court," Rodriguez was entitled to a trial by jury. *Id.* at 647, 309 N.E.2d at 147.

[12]     We see no meaningful distinction between this case and *Rodriguez*. Like
Rodriguez, Taylor was charged in city court. Like Rodriguez, Taylor submitted
to a bench trial in city court. Like Rodriguez, Taylor "appealed" to a county
court for a trial de novo. Like Rodriguez, Taylor asked that his trial de novo be
to a jury (and he did so promptly, at the same time he requested a trial de

novo). And like our Supreme Court held regarding Rodriguez, we hold that Taylor is entitled to a jury trial.[3]

[13] Reversed.


Mathias, J., and Crone, J., concur.

---

[3] The State's reliance on our decision in *Fiandt v. State*, 996 N.E.2d 421 (Ind. Ct. App. 2013), is misplaced. The defendant in that case asked for a jury trial while the case was initially pending in city court, and the issue was whether he waited too long to do so. The case did not involve a trial de novo, and our opinion said nothing about the rights of a defendant in a trial de novo.